HOUSTON ELECTRIC STREET RAILWAY COMPANY V. FRANK ELVIS.

Decided January 22, 1903.

1.—Street Railway—Injury to Passenger.

Evidence held to warrant a finding that a passenger was injured through the negligence of a street car company in operating an electric car at a high and dangerous rate of speed.

2.—Same—Judgment—Harmless Error.

Where the undisputed facts show that the plaintiff in an action for injuries to him as a passenger on a street car, was entitled to recover in any event, the judgment will not be reversed for error in the submission of the cause.

Error from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Baker & Lovett* and *Jones & Oliver,* for plaintiff in error.

*Hutcheson, Campbell & Hutcheson,* for defendant in error.

GARRETT, CHIEF JUSTICE.—This action was brought by the defendant in error, Frank Elvis, against the plaintiff in error, the Houston Electric Street Railway Company, in the District Court for the Eleventh Judicial District, to recover damages for personal injuries received while a passenger on the railway of said company. The case was tried to a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $5000, which the defendant seeks to reverse for errors assigned upon the action of the court below in the giving of instructions to the jury and the refusal to give certain special instructions requested by the defendant.

On October 17, 1899, the plaintiff received the injuries complained of while a passenger on one of the defendant's cars. The evidence showed that the car was being run at a high and dangerous rate of speed when the trolley wire broke and fell upon and became wrapped around and involved with the car, the momentum of which gave such force as to break the guy wires and break and throw down five of the poles which fell towards and threatened to strike the car, which jumped and pitched along the track. The plaintiff described the manner in which he was hurt, as follows:

"The car I was in was an open car with the seats running clear across the car; at the time the wire broke I was about two-thirds of the way back, and on the left-hand side of the car, which was the side I took when I first got on the car. I saw the wires on each side of the car, and at each end of the car. I judged that they were street car wires by the breaking and by the way the car was lunging and pitching and the wires were dropping down upon the sides and the trolley poles breaking and falling. When that happened I pushed over to the right-hand side to

keep some of the wires from striking me; I thought it was safer on the right-hand side than on the left-hand side, because I did not notice any wires close on the right-hand side; when I pushed over the car was lunging and pitching and going, I guess, as fast as it could. I judge from the way it was bounding along that it was on the track part of the time and on the ground a part of the time; the track was so rough along there one had to hold on with both hands on the front seat in order to keep in the car. Before I picked myself up in the street, I was sitting in the car, holding on with both hands to the seat in front of me, and the wires were dropping down on the left-hand side and also in front and in the rear, and I pushed over to the right-hand side to escape the wires, and the last recollection I have I was sitting there holding on with both hands looking straight ahead. When I picked myself up after the accident, I was about three car lengths in the rear of the car; the car stopped very soon after I got pulled off or thrown off, whichever it was."

The defendant offered no evidence to excuse the accident. We conclude that the plaintiff's injuries were caused by the negligence of the defendant, without fault on his part, and that he sustained damages to the amount of the judgment.

The defendant has assigned error upon the following paragraph of the charge of the court: "If you believe from the evidence that the defendant, at or about the time and place mentioned in the plaintiff's petition, was operating one of its electric cars on which the plaintiff was riding as a passenger, at a high and dangerous rate of speed, and that at said time the trolley wires and guy wires stretched over the line of its track at said point broke and fell upon the car or ground, and the trolley poles were thrown down and fell along the side of the car, and that the speed at which said car was being propelled, in connection with the breaking and falling of the trolley wires and guy wires and poles, caused said car to pitch and jump with such force and violence upon the track as to throw the plaintiff from the car upon the ground; or, if you believe that the breaking of said wires and said poles appeared to the plaintiff to render his position in the car dangerous, and that plaintiff, acting upon apprehension of immediate danger of injury to himself, and in order to avoid danger, attempted to escape therefrom, and in so doing then and there jumped from said car and fell upon the ground, or in such attempt to escape did then and there fall from the same on or against the ground, and that, as proximate cause of said fall, was thereby injured in one or more particulars, substantially as alleged in his petition, you will find for plaintiff and assess his damages, if any, as hereinbefore directed, unless you should find for the defendant under other portions of this charge."

We hardly think that the charge is subject to the objections urged against it. If it should be found by the jury that the evidence showed the facts set out in the charge, the fact of negligence would follow as a

necessary result. But since the undisputed facts show that the plaintiff was entitled to recover, and that no other verdict could have been rendered, the judgment will not be reversed for error in the submission of the case. Mexican Cent. Railway Co. v. Lauricella, 87 Texas, 277. We do not think that any of the assignments of error present any reason for a reversal of the judgment. It will therefore be affirmed.

*Affirmed.*

Writ of error refused.