HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. MARTHA LINDSEY.

Decided May 16, 1908.

**1.—Railroads—Derailment—Presumption—Charge—Evidence.**

In a suit for personal injuries caused by the derailment of a railroad train, a charge which instructs the jury that the law will presume negligence from the fact of derailment, while open to the objection that it is upon the weight of the evidence, is harmless error in the absence of evidence explaining the

cause of the derailment and showing that it was due to a cause for which the appellant was not answerable. Evidence considered, and held insufficient to overcome the presumption of negligence.

**2.—Personal Injury—Future Suffering—Pleading.**

In a suit for personal injuries, it is reversible error for the trial court to charge upon and authorize a recovery for future pain, either mental or physical, in the absence of pleading alleging the same.

**3.—Same—Mental Pain—Inference.**

Proof of physical suffering will authorize the inference of mental suffering.

Appeal from the County Court of Collin County. Tried below before Hon. John Church.

*Baker, Botts, Parker & Garwood* and *Smith & Wilcox*, for appellant. —The existence of negligence is a question of fact to be passed upon by the jury, and the court invaded the province of the jury in instructing them that the law presumed negligence when there is a derailment. The charge is upon the weight of the evidence. Texas Cent. Ry. Co. v. Burnett, 80 Texas, 536; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 284; Heldt v. Webster, 60 Texas, 208; Mexican Cent. Ry. Co. v. Laricella, 87 Texas, 279; Fordyce, Receiver, v. Withers, 1 Texas Civ. App., 544; St. Louis Southwestern Ry. Co. of Texas v. Parks, 97 Texas, 131; Clark v. Hills, 67 Texas, 148; Stooksbury v. Swan, 85 Texas, 572.

There being no pleadings to the effect that plaintiff would suffer, or likely suffer, physical and mental pain in the future, the court erred in submitting future physical and mental pain as an element of damage.

*W. S. Terrell* and *Abernathy & Abernathy*, for appellee.

TALBOT, ASSOCIATE JUSTICE.—Martha Lindsey brought this suit to recover damages for personal injuries which she alleges were inflicted upon her through the negligent derailment of one of appellant's passenger trains upon which she was a passenger. She recovered judgment for the sum of $400, and appellant's motion for a new trial having been overruled it perfected an appeal to this court.

The evidence clearly required the submission of the issues to the jury and the trial court did not err in refusing to give appellant's requested instruction directing a verdict in its favor.

It is assigned that the court erred in charging the jury as follows: "If there was a derailment of the car in which plaintiff was an occupant as a passenger, on the occasion complained of, the law will presume negligence on the part of the defendant, yet such presumption may be removed by competent evidence, but a railroad company is not held to such a degree of care as will insure the safety of the passengers." This charge is, doubtless, obnoxious to that provision of our statute which declares that the trial judge in his instructions to the jury "shall not charge or comment upon the weight of the evidence" (San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 284; Heldt v. Webster, 60 Texas, 208; Galveston, H. & S. A. Ry. v. Fales, 33 Texas Civ. App., 457), but in view of the absence of evidence explaining the cause of the derailment of the train and showing that it was due to a cause for

which appellant was not answerable, it does not require a reversal of the case. Mexican Cent. Ry. v. Lauricella, 87 Texas, 279; Galveston, H. & S. A. Ry. v. Fales, *supra;* St. Louis S. W. Ry. v. Harkey, 88 S. W., 506. There was no evidence whatever of an inspection of appellant's railroad track, or of the car in which appellee was riding before the accident, and the examination of the track and of the car by the train crew after the wreck, and their testimony to the effect that the track was all right and that they could see nothing the matter with the car, was wholly insufficient to rebut the presumption of negligence arising from the derailment itself. Especially is this true since the persons making such examination are not shown to have been competent inspectors. In this state of the evidence, upon the issue of the defendant's negligence, the jury would not have been warranted in finding that the accident could not have been avoided by the exercise of that high degree of care required of the carriers of passengers, and the charge, therefore, resulted in no injury to the defendant.

Upon the measure of damages the court charged the jury, among other things, that, in estimating plaintiff's damages, they should take into consideration the physical pain and mental suffering of plaintiff, arising from her injuries, which she will probably suffer in the future. This instruction is objected to on the ground that it was not warranted by the pleadings. We think the objection is well taken, and requires a reversal of the judgment. Plaintiff did not sue for damages for future physical and mental pain. The allegations are that plaintiff has been wholly unable to do any kind of work since she received her alleged injuries, and has been at a constant expense. "That the actual loss sustained by her in not being able to work is two hundred and fifty ($250.00) dollars, including her expenses for physicians and medicines. That she *has suffered* (italics ours) mental and physical pain, to recompense which, one hundred and fifty ($150.00) dollars would be reasonable damages." It is nowhere alleged that plaintiff will probably suffer either physical or mental pain in the future. The only allegations as to these elements of damage are those quoted, and, as will be seen, they complain only of physical and mental pain already suffered, and fix the compensation sought to be recovered therefor at $150. In this attitude of the pleadings it was clearly wrong to authorize the jury to take into consideration, in determining the amount of their verdict, any future physical or mental pain the plaintiff might suffer. The allegations limited her recovery for such pain, if any, to that already suffered, and the amount of her damages therefor to $150. The allegation that her injuries were permanent did not authorize the giving of the charge. As shown, plaintiff only claimed damages for physical and mental pain already suffered and stated the amount thereof to be $150, and she only prayed for that amount in the prayer of her petition. The charge upon the measure of damages is not otherwise erroneous. The testimony of plaintiff's physical suffering since the happening of the accident was sufficient to authorize the inference of mental pain.

We have discovered no reversible error in either of the other assignments, and some of them will not arise upon another trial. The evidence did not raise the issue of contributory negligence on the part of

the plaintiff, and the court properly refused appellant's requested charge upon that subject.

The special charge requested to the effect that unless the jury should find that the plaintiff was injured on the occasion in question, and that her injuries, if any, were proximately caused by the cars being derailed, to find for defendant, was sufficiently covered by the court's main charge. Under the evidence, as it appears in the record, if plaintiff was injured by the derailment of the train, such derailment was clearly the proximate cause of such injuries, and the proximate cause of plaintiff's injuries was not a controverted issue.

There was also no error in admitting the testimony of the physicians to the effect, that if the liver of plaintiff had been injured on the occasion in question they could not have discovered that fact from any "external signs or from palpitation." This evidence was not offered to show, nor did it tend to prove that plaintiff's liver was in fact so injured. The physicians having testified that they failed to find any injury to plaintiff as a result of the derailment of the train, the testimony was admissible in test of their ability to accurately determine, from the examination they made of plaintiff, whether or not she had been internally injured as claimed by her.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*