## MEXICAN CENTRAL RAILWAY COMPANY V. DOMINICK LAURICELLA.

### No. 194.

**1. Error in Charge—Burden of Proof.**

On trial in action for personal injuries inflicted in a railroad wreck from alleged negligence of the railway, after a proper charge as to the plaintiff's case, and having given the law as to contributory negligence, the court was in error in instructing as to the defense, "that if they (the jury) believe from a preponderance of evidence that the train was not run at a dangerous rate of speed, and that the piles (constituting the load) were not negligently loaded on the cars, and that the employes of the company did not fail to keep a proper lookout, they should find for the defendant." This shifted the burden of proof, and placed it upon the defendant ............ .... 279

**2. Presumption of Negligence from the Injury.**

When a passenger is injured by an accident, such as the derailment of a train, at a place where the track and train are entirely under the control of the company—that is to say, where they are not interfered with by any extraneous force, a presumption of negligence arises, and in order for the company to exonerate itself from liability for the injury, it must adduce evidence to show that the accident could not have been avoided by the exercise of the utmost care and foresight reasonably compatible with a prosecution of its business ... ........ .......................................... 280

**3. Facts Not Negativing Negligence.**

See facts which are discussed and held not to rebut the presumption of negligence arising from a derailment of a train of cars. Duty of employes in charge of train ...... ...................................... ....... 280

**4. Immaterial Error.**

Where plaintiff showed injury to himself while a passenger by a derailment, and the defendant offered testimony tending to prove facts which could not rebut the presumption of negligence, an error in the charge upon the burden of proof of the facts in defense is not ground for reversal............. 281

**5. Record and Practice on Appeal.**

The statement of facts will not be affected by a quære by the trial judge in overruling a motion for new trial upon the sufficiency of the testimony to sustain the verdict................................................. 281

ERROR to Court of Civil Appeals for Fourth District, in an appeal from the District Court of El Paso County. Associate Justice Neill did not sit in the Court of Appeals, having been of counsel.

This was an appeal from a judgment for $4750 for personal injuries inflicted on the plaintiff in a wreck of a railway train in which he was a passenger. It was the third judgment rendered for plaintiff upon verdicts the first two of which had been set aside by the trial court

The petition for writ of error complained:

1. The Court of Civil Appeals erred in holding that the charge of the District Court was not erroneous, to the injury of applicant in the particulars complained of in the third assignment of error, as stated

in the opinion of the Court of Civil Appeals, as follows: "The third assignment of error complains that the seventh, eighth, and ninth paragraphs of the charge impose the burden of proof on appellant to show by a preponderance of the evidence that it was not guilty of negligence in causing the injuries to plaintiff in the particulars charged, when taken in connection with the preceding paragraphs of the charge. We do not think the charge open to the criticism placed upon it, and the burden of proof is not shifted to appellant." The third assignment referred to is as follows: "The charge of the court was error, for the reason that the seventh, eighth, and ninth paragraphs of the same impose the burden of proof on defendant to show by a preponderance of the evidence that it was not guilty of negligence in causing the injury to plaintiff in the particulars charged."

2. Error "in holding that the District Court did not err in refusing to grant a new trial when the judge of said District Court believed the evidence insufficient to support the verdict, and overruled the motion for new trial to get rid of the case."

*J. P. Hague, T. A. Falvey,* and *Waters Davis,* for plaintiff in error. 1. It will be seen that the trial court in its charge clearly emphasizes the proposition that the plaintiff is not required to prove the facts upon which he relies to recover by a preponderance of proof, but the defendant is required to disprove them by a preponderance of evidence. Negligence on the part of defendant is a fact that plaintiff has to allege and prove. It will not be presumed. Whoever has the onus of proof must establish it by a preponderance. Clark v. Hills, 67 Texas, 150; Railway v. Crowder, 63 Texas, 503; Id., 65 Texas, 369; Id., 66 Texas, 534; Railway v. Robinson, 73 Texas, 284; Stooksbury v. Swan, 85 Texas, 571; Huckley v. Railway, 120 Mass., 262; Mayo v. Railway, 104 Mass., 137; Crafts v. Railway, 109 Mass., 519; Wood on Mast. and Serv., 697; Pierce on Rys., 382; Whart. on Neg., 428; Thomp. on Neg., 1053–1175; Cool. on Torts, 673.

2. The trial court erred in refusing the motion for new trial. The judge evidently did not concur with the jury as to the sufficiency of the evidence to support the verdict.

*W. B. Brock* and *Stanton & Turney,* for defendant in error.—1. The court only inferentially charged the jury, as stated by appellant, and the charge, taken as a whole, in the absence of counter charges, is not obnoxious to the objection complained of, and is no cause for reversal.

2. From the record, this court can not say that the verdict was against the testimony.

GAINES, CHIEF JUSTICE.—The defendant in error brought this suit against the Mexican Central Railway Company to recover damages

for personal injuries.   He with others were being transported over the road of the defendant company upon a freight train, under a contract of passage made with the company by his employer.   There was a derailment of the train upon which he was being carried, and he was thereby injured.   His relation to the company was that of a passenger. The train consisted of freight cars to which a caboose was attached, and he took his position upon a car which was loaded in part with piles. It was alleged, that the accident was caused by the running of the train at a dangerous rate of speed, by the negligent manner in which the piling was loaded upon the cars, and by negligently running over a bull which was found upon the track.   The company denied its negligence, and also pleaded, that plaintiff was guilty of contributory negligence in not taking passage upon the caboose, where he would have escaped injury, and in taking a position upon the freight car where he was subjected to increased risk.   This writ of error is prosecuted for the purpose of reversing a judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court in his favor.

The court upon the trial charged the jury, in substance, that they should find for the plaintiff if they believed that the accident was caused either by the running of the train at a dangerous rate of speed, or by the negligent loading of the piles, or by the failure to keep a careful lookout for obstructions on the track, or by two or more of these causes combined, unless they should find as thereinafter instructed; and proceeded to instruct them, in effect, that if they believed from a preponderance of evidence that the train was not run at a dangerous rate of speed, and that the piles were not negligently loaded on the cars, and that the employes of the company did not fail to keep a proper lookout, they should find for the defendant.   Then followed a charge upon contributory negligence, to which no objection is made. Upon the issues as to the negligence of the defendant, the charge shifted the burden of proof and placed it upon the company, and was therefore erroneous.   Although the derailment of the train may have been sufficient to raise the presumption of negligence, yet it did not devolve upon the defendant the duty of showing by evidence of a preponderating weight that the accident was not the result of its negligence.   It was entitled to a verdict if the evidence upon the issue was balanced—that is, if it preponderated on neither side.   Clark v. Hills, 67 Texas, 148.

It does not follow, however, as we think, that the judgment should be reversed.   "Where an accident happens upon a railway from which a passenger sustains an injury by the breaking down of the carriage, or by the running off of the train, or by the spreading or the breaking of the rails, the very nature of the occurrence will be prima facie evidence of negligence in the company or its servants."   Hutch. on Carr., sec. 800.   The rule thus stated by the eminent author cited is

very generally recognized.    Dawson v. Railway, 7 Hurl. & N., 1037;
Carpue v. Railway, 5. Am. & E. (N. S.), 747; Feital v. Railway, 109
Mass., 398; Curtis v. Railway, 18 N. Y., 534; Edgerton v. Railway, 39
N. Y., 227; George v. Railway, 34 Ark., 613; Railway v. Williams,
74 Ind., 462; Tuttle v. Railway, 40 Iowa, 236; Railway v. George, 19
Ill., 510.    The rule is also recognized in Railway v. Smith, 74 Texas,
278, although the decision in that case can not be deemed an authorita-
tive ruling upon the point.    It is a reasonable and sound doctrine,
that when a passenger is injured by an accident, such as the derail-
ment of a train at a place where the track and train are entirely un-
der the control of the company—that is to say, where they are not in-
terfered with by any extraneous force—a presumption of negligence
arises, and that in order for the company to exonerate itself from
liability for the injury, it must adduce evidence to show that the ac-
cident could not have been avoided by the exercise of the utmost care
and foresight reasonably compatible with a prosecution of its business.

The defendant upon the trial of this case sought to excuse the accident
by showing that it was caused by a bull upon the track, which was not
discovered by the servants of the company in charge of the train.    It
introduced testimony to show that the bull had been struck by another
train which had passed some hours before the time of the accident, and
had been left in a crippled condition so close to the side of the track
that it was struck by the step of the engine and made to flounder under
the cars, and thereby to cause the derailment.    If this be true, we are
clearly of the opinion that the accident was the result of the negligence
of the company's servants in charge of the train that first struck the bull
and left it wounded upon the side of the track.    When the wreck oc-
curred, the engine and tender with two cars remained upon the track
and ran two miles or more before the engineer discovered the cars in
the rear had became uncoupled.    The fireman who was upon the engine
testified upon the trial, and it is evident that he knew nothing about
the bull's being upon the track until long after the accident had hap-
pened.    The engineer was not examined.    If a lookout was kept the
company did not show it.    If the bull was upon the track, it would
seem that by the use of proper diligence it might have been discovered
in time to have been frightened out of the way of the train.    There was
no attempt to prove that the animal rushed suddenly upon the track
from some cover where he could not have been seen if there had been
a lookout.    If, therefore, the defendant's witnesses were mistaken in
their theory that the bull was crippled and lying very near the track,
and if the bull had merely strayed upon it and was uninjured, it ap-
pears that a proper lookout might have discovered it in time to have
averted the danger.    It was testified, that the animal, it being in the
night-time, could not have been discovered at a greater distance than
400 yards, and that the train could not have been stopped under 1000

yards. Yet it was negligent not to keep a lookout, so as to discover it in time to blow the whistle, and thereby if possible to frighten it off the track. In short, if the bull had been crippled by one train and left sufficiently near the track so as to be struck by another, this was negligence; if it was uninjured, it was equally negligent not to have discovered it and to have blown the alarm in order to frighten it away.

In our opinion, therefore, the testimony upon the issue of the defendant's negligence fails to show that the accident might not have been avoided by the exercise of that high degree of care required of carriers of passengers, and wholly fails to meet the presumption arising under the circumstances from the fact of the derailment. The evidence clearly showed a derailment. We are therefore of the opinion that the evidence showed that the company was negligent, and warranted the jury in coming to no other conclusion. It is therefore manifest that the erroneous charge worked no injury to the defendant, and in such a case the judgment will not be reversed. Railway v. Delahunty, 53 Texas, 212, and cases there cited. It may also be doubted whether the jury were misled by the instruction, since they were told in the last paragraph of the charge that the burden of the proof was upon the plaintiff to show by a preponderance of evidence his right to recover.

The trial judge in overruling the motion for a new trial expressed a doubt as to the sufficiency of the evidence, and it is assigned that for that reason it was error not to grant the motion. It may be that the opinion of the learned judge as to the weight of the evidence should have constrained him to set aside the judgment; but the fact remains that he refused the motion, and thereby approved the verdict. In determining the question raised by the assignment upon the court's ruling in this particular, the Court of Civil Appeals properly considered only the evidence as shown by the statement of facts, and not the reasons given by the judge for his ruling. The conclusion of that court is final upon the question, and we have no power to revise it.

We presume the doubt of the trial judge as to the correctness of the finding of the jury must have been as to the issue of contributory negligence. Upon that issue the testimony was conflicting. But the charge of the court very clearly presents the law of contributory negligence as applicable to the particular facts of the case, and no error has been assigned upon the instructions in that particular.

For the reasons given the judgments of the Court of Civil Appeals and that of the trial court are affirmed.

*Affirmed.*

Delivered November 12, 1894.