## Texas Central Railroad Company v. R. H. Qualls.

Decided December 4, 1909.

**1.—Railroad—Burning Grass—Evidence.**

A defendant railroad company having introduced evidence to the effect that all its engines were provided with the same spark arresters used by other roads and which were sufficient to prevent the escape of sparks in such manner as to set fire to grass, there was no error in permitting the plaintiff to testify that he saw other engines on defendant's road throwing large sparks of fire about the time his grass was burned.

**2.—Same—Value—Testimony.**

A plaintiff's testimony as to the market value of his grass which had been burned, should not be excluded merely because he stated further that he could make the amount of his estimated value of the grass by pasturing cattle and horses on it.

**3.—Same—Liability—Charge.**

The law only imposes on a railroad company the duty of exercising ordinary care to prevent the escape of sparks from the engines, and therefore a charge which imposes the absolute duty upon the company of supplying its engines with the most improved spark arresters and of keeping the same in good repair, would be reversible error.

**4.—Same—Pleading and Proof—Charge.**

In a suit for damages it is error to authorize a recovery upon a ground neither alleged nor proved.

Appeal from the County Court of Eastland County. Tried below before Hon. E. A. Hill.

*Scott & Brelsford,* for appellant.

*J. J. Butts,* for appellee.—A railway company can only absolve itself from liability on account of the presumed negligence arising from the fact that the fire originated from sparks emitted from its engine, by showing that its spark arresters were the best in use, and it is not error for the court to so instruct the jury. Galveston, H. & S. A. Ry. Co. v. Chittim, 31 Texas Civ. App., 40; Gulf, C. & S. F. Ry. Co. v. Benson, 69 Texas, 409, 410; Galveston, H. & S. A. Ry. Co. v. Horne, 69 Texas, 648, see syllabus, p. 643.

While if it was error for the court to charge the jury upon the issue of negligence on the part of appellant in respect to "keeping right of way clean," because there was no allegation in plaintiff's petition upon which to base such instruction, still this action on the part of the trial court is not reversible error, because, under the evidence and the charge of the court as a whole, the jury could not have found against appellant on this issue. Houston & T. C. R. R. Co. v. Terry, 42 Texas, 455; Loving v. Dixon, 56 Texas, 78-79.

The measure of damages for injury to sod and roots by reason of the burning of the grass is the difference between the value of the land immediately before and immediately after the fire. Missouri, K. & T. Ry. Co. v. Goode, 7 Texas Civ. App., 245; Gulf, C. & S. F. Ry. Co. v.

Cusenberry, 5 Texas Civ. App., 114; Ft. Worth & N. O. Ry. Co. v. Wallace, 74 Texas, 583, 584.

SPEER, ASSOCIATE JUSTICE.—This is an action by R. H. Qualls against the Texas Central Railroad Company to recover damages for grass burned and injury to the land caused by the negligent escape of fire from one of defendant's engines. There was a verdict and judgment for the plaintiff, from which the defendant has appealed.

There was no error in permitting the witness Qualls to testify that he saw other engines being operated on appellant's line about the time appellee's grass was set on fire, and that said engines were throwing sparks of fire, some of which were as large as a man's thumb. Such evidence tended to rebut appellant's proof to the effect that all of its engines were provided with the same spark arresters used by other roads, and which were sufficient to prevent the escape of fire or sparks in such manner as to set grass on fire.

Nor was there error in permitting this witness to testify as to the market value of his grass, he having stated that it had a market value, merely because he further stated that he could make the amount of such estimated value by pasturing cattle and horses on it at the rate of twenty-five cents per month per head for cattle, and fifty cents per month per head for horses. Such added statement in fact might materially strengthen the witness's opinion in the estimation of the jury by giving a substantial basis for it. What we have just said is an answer also to the fifth assignment of error, complaining that the court erred in permitting the witness Carodine to testify as to the number of head of cattle and horses the burned land would graze per month and the price paid per head for such pasturage.

There is an error, however, for which the judgment will be reversed, contained in the following charge to the jury: "And in this case should you find from the evidence that sparks escaping from the defendant's locomotive caused the burning of plaintiff's grass, you will find for the plaintiff, unless you further find that the defendant's locomotive was supplied with the most improved spark arresters, was in good state of repairs, that the locomotive was properly operated, and that its right of way was kept in such condition that fire was not communicated from it." It will be noticed that this charge imposed upon appellant the absolute duty of supplying its locomotives with the most improved spark arresters, and to have had the same at the time in a good state of repair. Whereas the law only imposed upon it the duty of exercising ordinary care in these respects. (St. Louis S. W. Ry. Co. v. Crabb, 80 S. W., 408; Missouri, K. & T. Ry. Co. of Texas v. Hopkins, 80 S. W., 414, and authorities cited in those cases.)

Moreover, the charge further submitted as a ground for recovery the negligence of appellant with respect to the condition of its right of way, when the appellee in his petition did not seek a recovery on this ground, nor indeed does his evidence show negligence in this respect.

On another trial, if appellee recovers, he should be allowed to recover for the injury to the sod, the difference in the value of his land

immediately before and immediately after the fire, to which should be added the value of the grass burned.

For the error of the court in giving the charge discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*