TEXAS & PACIFIC RAILWAY COMPANY v. WOOLDRIDGE & HAMBY.

Decided February 26, 1910.

**1.—Railroads—Escape of Sparks—Charge.**

In a suit against a railroad company for the value of grass burned by sparks from its locomotives, the court charged the jury as follows: "If from the evidence you believe that the defendant failed to equip its engines, from which the sparks escaped which caused the fire, with the most improved spark arresters in use; or that the employees of the defendant operating said engines were guilty of negligence in failing to use ordinary care to prevent the escape of sparks, then and in that event the prima facie case above mentioned is not rebutted." Held, error, in that (1) it imposed upon the defendant the absolute duty of equipping its engines with the most improved spark arresters, whereas the exercise of ordinary care in that respect was the measure of its duty; and (2) it assumed that sparks did escape from defendant's engines and set fire to plaintiff's grass, which was a controverted fact.

**2.—Same—Evidence.**

    The issue being whether or not plaintiff's grass was burned by sparks from defendant's engine, and the defendant having proved that all of its engines were equipped with the same spark arrester which was described as being the latest and most improved to date, it was not error to permit the plaintiff to prove that other engines belonging to defendant had thrown sparks at other times along defendant's right of way.

    Appeal from the County Court of Eastland County. Tried below before Hon. E. A. Hill.

    *Earl Conner,* for appellants.

    *J. J. Butts,* for appellees.

    SPEER, ASSOCIATE JUSTICE.—This is a grass burning case, prosecuted by appellees against appellant, in the County Court of Eastland County, in which there was a recovery in the sum of one hundred dollars. In the course of his instructions to the jury, the trial court used the following language: "If, from the evidence, you believe that the defendant failed to equip its engines, from which the sparks escaped which caused the fire, with the most improved spark arresters in use, or that the employees of the defendant operating said engines were guilty of negligence in failing to use ordinary care to prevent the escape of sparks, then and in that event the *prima facie* case above mentioned is not rebutted." The court had previously instructed the jury that the escape of sparks of fire from appellant's engine, setting fire to appellees' grass, would constitute a *prima facie* case of negligence. The charge quoted is not the law. It erroneously imposed upon appellant the absolute duty of equipping its engines from which the fire escaped, with the most improved spark arresters in use, whereas, the measure of its duty in that respect was to exercise ordinary care to provide its engines with such device. Texas Cen. R. R. Co., v. Qualls, 58 Texas Civ. App., 120 (124 S. W., 140); St. Louis S. W. Ry. Co. v. Crabb, 80 S. W., 408, and authorities there cited. The error is a vital one, and calls for a reversal of the case.

    The charge is also open to the criticism that it assumes that sparks did escape from appellant's engines and set fire to appellees' grass, and, while we have not taken the time, in view of the necessary reversal, to examine the facts to ascertain if this error could be held to be harmless, on another trial it is as well for the charge to omit this assumption and submit the question for the finding of the jury.

    The court's definition of negligence could hardly be held to be affirmatively erroneous, yet the charge could as easily and more safely follow the approved form.

    There was no error in permitting testimony that other engines belonging to appellant had thrown fire along and near appellant's right of way, at other times, since such proof tended to rebut appellant's evidence to the effect that all of its engines were provided with the same spark arrester, which is described as being the latest and most

up-to-date in use in the country. Texas Cen. R. R. Co. v. Qualls, *supra;* Missouri K. & T. of Texas v. Dawson, 109 S. W., 1110.

For the error of the court in the charge given, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*