TEXAS & PACIFIC RAILWAY COMPANY v. BRIGGS OWEN.

Decided April 16, 1910.

**1.—Growing Grass—Market Value—Evidence.**

The testimony of a witness that growing grass had a market value at the time it was destroyed by fire should not be excluded because the witness subsequently stated that his estimate of the market value was based upon the fact that such value could be realized by pasturing the grass.

**2.—Railroads—Defective Spark Arresters—Evidence.**

Where defendant's witnesses had testified that all of defendant's engines were equipped with the latest and most improved fire arresters, it was not error to permit a witness for plaintiff to testify in rebuttal as to the defective condition of the fire apparatus on a certain engine at a time subsequent to the fire in question, even though it was not shown that said engine had set out the fire in question.

**8.—Same—Causing Fire—Insufficient Evidence.**

When the evidence simply shows that a fire originated on a railroad right of way and there is nothing to show whether the same was caused by the defendant's negligence or was set out by some one else, the evidence is insufficient to sustain a verdict against the railroad.

Error from the County Court of Eastland County. Tried below before Hon. E. A. Hill.

*D. G. Hunt,* for plaintiff in error.

*Earl· Connor,* for defendant in error.

SPEER, Associate Justice.—This action was instituted by Briggs Owen to recover from the Texas & Pacific Railway Company damages for negligently burning certain sorghum cane and grass land. A trial before the court resulted in a judgment in the plaintiff's favor and the defendant has appealed.

There is no error in the matters complained of in the first, second, third, and fourth assignments of error. These witnesses stated that the grass destroyed had a market value and such testimony should not have been excluded merely because they afterwards stated that their estimate of the market value was based upon the fact that such amount could be realized by pasturing the grass. Texas Central Railroad v. Qualls, 58 Texas Civ. App., 120 (124 S. W., 140).

Neither was there error in permitting the witness Grist to testify over the company's objection as to the defective condition of the fire apparatus on engine 189 at a time subsequent to the fires there, even though it was not shown that this engine had set out either of the ·fires. Some of plaintiff in error's witnesses, notably the witness Deats, had testified that all of the defendant's engines were equipped with the latest and most improved fire arresters known; that such apparatus had been approved by the Master Mechanic Association and adopted by it as being the best after many tests, and the admitted testimony therefore tended to contradict this. Texas Cen. R. R. v. Qualls, *supra;* Texas & P. Ry. Co. v. Wooldridge & Hamby, 126 S. W., 603; Missouri, K. & T. Ry. of Texas v. Dawson, 109 S. W., 1110.

The judgment of the County Court is reversed, however, for the insufficiency of the evidence to show that plaintiff in error was in any manner responsible for setting out the fire which destroyed defendant in error's cane. We have carefully read the statement of facts, and the most that can be said is that the fire originated on plaintiff in error's right of way, but whether the same was set out by plaintiff in error or someone else is matter wholly of conjecture.

The judgment is therefore reversed and the cause remanded for another trial.

*Reversed and remanded.*