### ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. G. W. SHARP.

Decided October 19, 1910.

#### 1.—Negligence—Fire—Repair of Building—Charge.

Plaintiff, a section foreman, resided in the section house of the railway adjoining its track, being permitted to occupy it without charge, to board section hands, the company undertaking to keep up repairs and forbidding him to do so. He sued for loss of household goods consumed by fire communicated from a passing engine. Panes of glass in the windows were broken and might admit sparks. Held, that a charge requested by defendant that it was under no obligation to repair the house and that its condition should not be considered in determining plaintiff's right to recover was properly refused (1) because no issue as to plaintiff's contributory negligence in failing to repair was made, and (2) under the facts defendant was under obligation to repair the house, receiving a benefit from plaintiff's occupancy of it, and its failure, if causing the loss of plaintiff's property, would be ground for holding it liable.

#### 2.—Negligence—Fire—Duty as to Spark Arresters.

An instruction that a railway company was bound to select the best and most approved spark arresters was erroneous, its duty being only to use ordinary care to select the best.

#### 3.—Fire—Contributory Negligence.

Plaintiff having the right to occupy a section house adjacent to the railway track with his family, was not guilty of contributory negligence in keeping his household effects in such proximity to passing trains.

**4.—Charge—Evidence.**

Evidence considered and held not to show that doors and windows of a house in proximity to a railway track were left open by the occupant, or to justify a charge submitting the question of his contributory negligence in so doing.

**5.—Fire—Contributory Negligence—Leaving Doors and Windows Open.**

The proprietor of a residence in proximity to a railway track can not be considered guilty of negligence contributing to the destruction of his household effects by leaving doors and windows open. Such use is necessary in the occupation of a residence. St. Louis Southwestern Ry. Co. v. Crabb, 80 S. W., 408, distinguished.

**6.—Fire—Locomotive Engine—Burden of Proof of Negligence.**

Where fire was shown to have been communicated from a locomotive engine, it was proper to charge that such proof threw upon defendant using it the burden of showing the exercise of proper precautions against the escape of sparks.

**7.—Amendment—Discretion of Court.**

It is within the discretion of the trial court to determine whether an amendment to the pleadings offered after announcement of ready for trial comes too late.

**8.—Pleading—Transfer of Claim by Plaintiff.**

A plea by defendant that plaintiff had transferred part of his claim for damages to another is insufficient if it fail to show that such transfer was made before the institution of the suit.

Appeal from the District Court of Coryell County. Tried below before Hon. J. H. Arnold.

*Scott, Sanford & Ross* and *D. C. Woods,* for appellant.—Receiving no consideration for the use and occupancy of said house, the promise to keep such house or any part thereof in repair is without consideration and not binding. Peticolas v. Thomas, 29 S. W., 166, 9 Texas Civ. App., 442; Strother v. DeWitt (Mo.), 71 S. W., 1130; Brin v. McGregor, 45 S. W., 923; Paddock v. Bray, 88 S. W., 419, 40 Texas Civ. App., 226; Flynn v. Hatton, 43 How., 333; Bronner v. Walter, 44 N. Y. Supp., 583; Taylor v. Lehman, 46 N. E., 84, 47 N. E., 230; Wynne v. Haight, 50 N. Y. Supp., 187; Roehrs v. Timmons, 63 N. E., 481; Quinn v. Crowe, 88 Ill. App., 191; Simkins on Contracts and Sales, p. 37.

A railway company, in the operation of its locomotive engines, is not held in law to the absolute duty to equip such engines with the most approved spark arresters in use, but is only required to use ordinary care to provide said engines with such appliances to prevent the escape of sparks therefrom. Railway Co. v. Goodnight, 32 Texas Civ. App., 256; Railway Co. v. Gentry, 74 S. W., 607; Railway Co. v. Mitchell, 34 Texas Civ. App., 394; Railway Co. v. Carter, 95 Texas. 461; Railway Co. v. Crabb, 80 S. W., 408; Railway Co. v. McLeod, 115 S. W., 85; Railway Co. v. Hopkins, 80 S. W., 414; Railway Co. v. Dawson, 92 S. W., 27; Railway Co. v. Nesbitt, 33 S. W., 280; Railway Co. v. Welch, 86 Texas, 203; Railway Co. v. Wooldridge & Hamby, 126 S. W., 603.

When the defendant company has overcome the prima facie case made out against it, it is entitled to the verdict and judgment. Railway Co. v. Gentry, 74 S. W., 607; Railway Co. v. Benson, 69 Texas, 409; Smith v. Railway Co., 73 S. W., 22; Williams v. Atlantic Coast Line Ry., 53 S. E., 448; White v. N. Y. & H. R. R. Co., 74 N. E., 1126; Olmstead v. Oregon Short Line, 76 Pac., 557; L. & N. R. R. Co. v. Sullivan Timber Co., 35 So., 327 (Ala.).

The court erred in failing to submit to the jury a charge upon the issue of contributory negligence. St. Louis Southwestern Ry. Co. v. Crabb, 80 S. W., 408; T. & P. Ry. Co. v. Levi, 59 Texas, 674; Railway Co. v. Jagoe, 32 S. W., 717; Allibone v. T. & P. Ry. Co., 2 App. C. C., sec. 64; Martin, Wise & Fitzhugh v. Railway Co., 87 Texas, 117; Murphy v. Railway Co., 45 Wis., 220, 30 Am. Rep., 721; Chicago & Alton Ry. v. Pennell, 94 Ill., 448; Fero v. Railway Co., 22 N. Y., 215; Abbott Gin Co. v. Missouri, K. & T. Ry. Co., 57 Texas Civ. App., 263; Indianapolis & C. R. Co. v. Paramore, 31 Ind., 143; Briant v. Detroit L. & N. R. Co., 104 Mich., 307; Collins v. N. Y. C. & H. R. Co., 5 Hun., 499; Memphis, etc., Ry. Co. v. Newman, 69 S. W., 269; Mo., etc., Ry. v. Wylie, 33 S. W., 772; Sherman v. Greening, 73 S. W., 424.

It was error for the court in its charge to place the burden of proof upon the defendant to show that it was free from negligence. Railway Co. v. Nesbitt, 11 Texas Civ. App., 608; Telegraph Co. v. Bennett, 1 Texas Civ. App., 558; Railway Co. v. Harriett, 80 Texas, 73; Railway Co. v. Hudson, 77 Texas, 494; Railway Co. v. McGowan, 73 Texas, 355; Railway Co. v. Taylor, 79 Texas, 104.

RICE, ASSOCIATE JUSTICE.—On the 29th of September, 1906, plaintiff was in the employ of appellant as a section foreman, and, together with his family, lived in a section house near Gatesville, the same being situated on the right of way near appellant's railway. On said date said house was consumed by fire, alleged to have been caused by sparks emitted from a passing engine, and this action was brought to recover damages for the destruction of plaintiff's household goods and effects. There was a recovery in the sum of $1000.

After a general demurrer, general denial and special answer setting up that appellant's engine was equipped with the best and most approved spark arresters, and that it had exercised ordinary care to keep the same in repair, and ordinary care in the operation thereof, defendant interposed a plea of contributory negligence to the effect that plaintiff knew that the house wherein his goods were situated was near the railway company's track and that passing trains would likely emit sparks, which would set fire thereto; but that notwithstanding said knowledge, he permitted his household goods to remain therein, and that but for such contributory negligence upon his part said goods would not have been destroyed; and further that he was guilty of contributory negligence in leaving the doors and windows in the second story of said house on the side next to the railway open, with the knowledge that defendant's

engines would emit sparks when operated along by said house, and thereby set said goods afire; and, notwithstanding said knowledge, he negligently permitted said doors or windows, or some of them, to be open at the time when said engine was operated along said railway.

Plaintiff as appears from the evidence was not required to live in the house, but was allowed to do so, and it was shown that he boarded the section hands, which was a duty imposed upon him by the company. He paid no rent for the house, and it further appeared that he was not required to repair the same, but forbidden from doing so, it being stated at the time of his employment by his superiors that the company would do this. At the time of the fire, panes of glass were out of several of the windows, through which sparks could have passed. .

The court refused to give two special charges, to the effect that, under the circumstances in evidence, the defendant was under no obligation or duty to keep said section house or any part thereof in repair; and therefore, that in considering the question whether the plaintiff had the right to recover, the jury should not take into consideration the condition of said house. These charges were submitted under the view, as contended by appellant, that as it received no consideration for the use of the house, it was therefore under no obligation or duty to keep the same in repair. We think these charges were properly refused (1) because there was no plea of contributory negligence based upon the failure of plaintiff to keep the house in repair; and (2) because, even if there had been, we believe it was the duty of the railway company, under the facts in evidence, to make the necessary repairs; and if injury resulted on account of its negligent failure to do so, it seems to us it would be liable. While it is true it received no rent therefor, yet it was a benefit to the company for plaintiff to live in said house and board the section hands. It was no doubt erected by it for the purpose of a residence for its section foreman and hands. This within itself would be sufficient consideration. We therefore overrule the assignments complaining of the action of the court in this respect.

The court, in several paragraphs of its main charge, expressly told the jury among other things, that it was the duty of appellant to equip its engines with the best and most approved spark arresters in use, and to use ordinary care in maintaining the same in good repair; and if the jury believed that it failed to do so, plaintiff was entitled to recover. Defendant requested two special charges, which were refused, to the effect that appellant was only required to use ordinary care to equip its engines with the best and most approved spark arresters, and to use ordinary care to keep the same in repair, etc. Then, if they so found, the burden would be upon the plaintiff to show by a preponderance of the evidence that the agents and servants of defendant operating said engine were guilty of some act of commission or omission which an ordinarily prudent person would not have done, and that such act, if any, was the proximate cause of the burning of plaintiff's property, and unless the plaintiff had done so, they should find a verdict for the de-

fendant company. As we understand the law, the absolute duty is not imposed upon a railway company to use the best equipped and most approved spark arresters, but they are only required to use ordinary care to select such. Therefore, it was error for the court to give the charges excepted to and to have refused those requested. We do not believe that the error was invited or cured by the special charge given. See St. Louis S. W. Ry. Co. v. Goodnight, 32 Texas Civ. App., 256, 74 S. W., 583; St. Louis S. W. Ry. Co. v. Gentry, 74 S. W., 607; Missouri, K. & T. Ry. Co. v. Mitchell, 34 Texas Civ. App., 394, 79 S. W., 94; Missouri, K. & T. Ry. Co. v. Carter, 95 Texas, 461; St. Louis S. W. Ry. Co. v. Crabb, 80 S. W., 408; Texas & P. Ry. Co. v. Wooldridge & Hamby, 126 S. W., 603; Missouri, K. & T. Ry. Co. of Texas v. Jordan, 82 S. W., 791; Missouri, K. & T. Ry. Co. v. Webb, 20 Texas Civ. App., 431, 49 S. W., 526.

We do not think that the plaintiff was guilty of any negligence on account of the fact that he allowed his household effects to remain in the section house with the knowledge that passing trains might emit sparks, and set fire thereto. He had the right to occupy the house with his family, notwithstanding this knowledge, and therefore was not guilty of any negligence in so doing. Appellant's special charge, based on this phase of the case, was properly refused.

Nor do we believe the court erred in refusing to give appellant's special charge to the effect that if plaintiff left the doors and windows open, by reason of which his household effects were set on fire by sparks emitted from passing trains, that then he would not be entitled to recover. It is true that this phase of the case was set up as contributory negligence. There was, however, in our judgment, no evidence that would justify the submission of this issue. Both plaintiff and his wife testified that the doors and windows were closed at the time the train which is supposed to have set the house on fire, passed, and there was no evidence controverting their testimony. It is true that one witness testified that when he arrived at the scene he saw smoke coming out from one of the doors. It is not stated, however, when he arrived upon the scene, and from aught that appears from the record, the door may have fallen in by the time of his arrival. But, apart from this, we are inclined to believe that plaintiff would not have been guilty of contributory negligence by merely leaving the doors or windows of his house open. We think this case in this respect, even if there was testimony showing that the doors were open, could easily be distinguished from the case of St. Louis Southwestern Ry. Co. v. Crabb, supra. In that case a barn stored with oats, situated about fifty feet from the railroad adjoining the right of way, was left open, thereby exposing the oats within to flying sparks. There was no necessity to keep the barn open; and it might often be held negligence to leave open a barn or other like building stored with inflammable material adjoining the right of way of a railway. But the same rule in our judgment would not be applied to a residence, because the latter can not be beneficially used or enjoyed without often leaving

its doors and windows open, especially in the summer season. We therefore think this charge was properly refused.

We overrule appellant's contention with reference to the charge improperly imposing the burden of proof upon appellant, because we are inclined to think that it accords with the authorities upon this subject.

After an announcement of ready on the part of plaintiff, counsel for appellant asked leave to withdraw its answer and add thereto the following: "Answering further, if required, defendant alleges and shows to the court that plaintiff has heretofore assigned and transferred to an insurance company, the name of which is unknown to defendant, his interest in the claim set up and alleged by him herein to the extent of $750, and to the extent of said amount in said claim plaintiff now owns no interest whatever, and therefore, to such extent, can not maintain this suit." This was stricken out on exception of plaintiff, which action of the court is excepted to as error by appellant. It was within the sound discretion of the court to say whether this proffered pleading came too late or not. Besides this, the plea does not allege that the transfer was made prior to the institution of the suit, for either of which reasons the court might have properly sustained the exception.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*