TRINITY & B. V. RY. CO. v. GREGORY.

(Court of Civil Appeals of Texas. Dallas. Jan. 6, 1912.)

1. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACT.

In an action against a railway company for negligently firing plaintiff's property, a charge that, if the engine from which the sparks escaped was equipped with the most approved spark arrester, then the prima facie case arising from the mere fact of starting the fire by sparks from the engine was rebutted, was er-

roneous in assuming that the fire was started by sparks emitted from defendant's engine.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

**2. RAILROADS (§ 454*)—FIRES—DEFECTS IN CONSTRUCTION OF ENGINE.**

A railroad company is required to use only ordinary care to keep its engines in repair, and to provide them with spark arresters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1668–1671; Dec. Dig. § 454.*]

**3. RAILROADS (§ 480*)—FIRES—BURDEN OF PROOF.**

In an action against a railroad company for negligently firing plaintiff's property, proof that the fire was caused from sparks emitted from the railroad company's engine raises a presumption of negligence and makes out a prima facie case, which, if not rebutted, entitles plaintiff to recover, but the presumption is merely one of fact, and the burden of proof does not shift from the plaintiff to the defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716; Dec. Dig. § 480.*]

**4. RAILROADS (§ 485*)—FIRES—INSTRUCTIONS.**

In an action against a railroad company for negligently firing plaintiff's property, a charge that a railroad company was bound to show that all reasonable care and caution had been taken to keep its engines in good repair and condition is erroneous in requiring a higher degree of care than ordinary care.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

**5. DAMAGES (§ 112*) — INJURIES BY FIRE — MEASURE.**

In an action against a railroad company for the negligent burning of plaintiff's fence and turf, the measure of plaintiff's damages is the difference in the value of the land upon which the turf was growing before the fire and immediately after, not taking into consideration the value of the grass.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 281–283; Dec. Dig. § 112.*]

Error to Limestone County Court; W. A. Keeling, Judge.

Action by B. F. Gregory against the Trinity & Brazos Valley Railway Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

N. H. Lassiter and C. S. Bradley, for plaintiff in error.

TALBOT, J. This suit was instituted by defendant in error, B. F. Gregory, in the county court of Limestone county, to recover of plaintiff in error, Trinity & Brazos Valley Railway Company, damages alleged to have been caused to his grass, meadow, and turf on about 13 acres of land, and for the destruction of about 60 fence posts caused by three several fires alleged to have been set out by plaintiff in error by its locomotive engines, which fires occurred on December 18, 1908, January 26, 1909, and July 17, 1909. Defendant in error alleged negligence of plaintiff in error in failing to properly equip and properly operate the engines alleged to have caused the several fires. Plaintiff in error denied this, and alleged proper equipment and proper operation of the engines in

question. On December 17, 1910, a trial was had before the court and a jury, which resulted in a verdict as follows: "We, the jury, find for plaintiff, B. F. Gregory, damages to amount to $241.20, as follows: On December 18, 1908, fence posts, $1.50; on January 26, 1909, grass, turf, $65.00; and on July 17, 1909, to fence posts, $4.70; to grass and turf, $170.00." And a judgment was rendered for defendant in error in the sum of $241.20 and interest and costs, and the case is now before this court on writ of error.

[1] The first assignment complains of the seventh paragraph of the court's charge to the jury, which is as follows: "But if you further believe from the evidence that the engine from which such sparks escaped was equipped with the most approved spark arrester in use, and that such engine was operated at the time in a skillful manner so as to avoid the escape of fire, as nearly as could be by the use of reasonable care, then you are instructed that the prima facie case arising from the mere fact of setting out the fire by sparks from said engine or engines is rebutted, and, if you so find, you will find for the defendant. If from a consideration of all the evidence the defendant has failed to show that the engine or engines were at the time of the fire equipped with the most approved spark arresters in use, and that they were in good repair and were skillfully handled in reference to preventing the escape of fire, then the prima facie case made out by proof of sparks escaping and causing the fire (if so proved) has not been rebutted." The assignment must be sustained. The charge is subject to the criticism that it assumes in the first sentence thereof that the fire in question was set out by sparks emitted from one of defendant's engines (Railway Co. v. Wooldridge, 126 S. W. 603), and is erroneous, in that it imposes upon the defendant, railway company, in the second sentence thereof, the absolute duty of having its engines equipped with the most approved spark arresters in use for preventing the escape of fire; whereas the law only required it to use ordinary care to provide its engine or engines with such device.

[2] The charge is also subject to the criticism that it imposed upon the defendant the absolute duty to keep its engines in good repair. The measure of the defendant's duty was to exercise ordinary care to equip its engines with the most approved spark arresters in use, and the exercise of such care in operating and keeping them in good repair. Railway Co. v. Goodnight, 74 S. W. 583; Railway Co. v. Gentry, 74 S. W. 607; Railway Co. v. Crabb, 80 S. W. 408; Railway Co. v. Qualls, 124 S. W. 140; Railway Co. v. Wooldridge, 126 S. W. 603; Railway Co. v. Sharp, 131 S. W. 614.

[3] Complaint is made of the following

paragraph of the court's charge, namely: "I further instruct you that if you believe from the evidence that plaintiff's property was injured by fire, caused by fire or sparks escaping from defendant's locomotive, while passing along the railroad in manner and form as charged in plaintiff's petition, then, under the law of the state, these facts make a prima facie case of negligence against the defendant. The burden of proof is then upon the defendant to rebut this prima facie case by showing affirmatively that at the times in question the engine or engines were properly constructed and equipped with the best approved appliances for preventing the escape of fire; that these appliances were all in good repair and condition, as regards the escape of fire; and that all reasonable care and caution had been taken to keep them in such repair and condition, and that the engine was carefully and skillfully handled as regards the escape of fire therefrom."

It is contended that this charge, in addition to some of the errors contained in the instructions, made the basis of the first assignment of error, above discussed, is objectionable because it shifts the burden of proof from the plaintiff to the defendant. With this contention we are inclined to agree. In cases of this character proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad engine while being operated upon the road makes out a prima facie case, and, if not rebutted, entitles the plaintiff to recover, and the court may so instruct the jury. Where the origin of the fire is thus shown, the law presumes negligence on the part of the railway company, either in the equipment or operation of the engine. But this is a mere presumption of fact, and, when proof is offered of the condition and operation of the engine, the burden of proof is not shifted from the plaintiff to the defendant, but remains throughout the trial with the plaintiff. It is not required that plaintiff's prima facie case established in the manner referred to shall be rebutted by a preponderance of the evidence. Evidence of equal weight with that which grows out of the presumption of negligence, which the law implies from proof that the fire originated from sparks thrown by the railway company's engine, and other evidence offered by the plaintiff, will suffice. In the charge under consideration the jury were told, in effect, that, if the evidence showed that plaintiff's property was injured by fire or sparks escaping from defendant's locomotive, such facts made a prima facie case of negligence against the defendant, and that in such event the burden of proof was upon the defendant to rebut the prima facie case by showing affirmatively that at the times in question the engine or engines were properly equipped with the best approved appliances for preventing the escape of fire, etc. The jury were probably led to believe, if it

did not in fact do so, that the form and language of this charge required the defendant to rebut plaintiff's case by a preponderance of the evidence. No such duty devolved upon the defendant. Railway Co. v. Hooser, 44 Tex. Civ. App. 229, 97 S. W. 708; Railway Co. v. Moss, 37 Tex. Civ. App. 461, 84 S. W. 281. The rule is that, when "the plaintiff makes out a prima facie case, it devolves on defendant to rebut it, but the burden of proof on the whole case does not shift." Railway Co. v. Johnson, 92 Tex. 591, 50 S. W. 563.

[4] Again, although not specifically raised by the assignment of error, yet it is proper to call attention to what we conceive to be another error in the charge in question. The charge placed the burden upon defendant to show, not only that the engines were all in good repair and condition, but that "all reasonable care and caution had been taken to keep them in such repair and condition." It has been heretofore held by this court that the expression "all reasonable care and caution" would seem to require a higher degree of care than ordinary care. Railway Co. v. Gentry, supra, and Railway Co. v. Crabb, supra.

[5] We are also of the opinion the trial court erred in its charge on the measure of damages for injury to plaintiff's turf. The jury were instructed in this regard that, if there was any injury to the turf, to find for plaintiff such sum as the evidence showed would compensate plaintiff for such injury to the turf, etc. If plaintiff was entitled to recover for injury to the turf, the measure of his damages for such injury was the difference in the value of the land upon which the turf was growing at the time of the fire immediately before and immediately after the injury, not taking into consideration the value of grass. Express Co. v. Real Estate Ass'n, 81 Tex. 84, 16 S. W. 792; Owens v. Railway Co., 67 Tex. 679, 4 S. W. 593; Gulf Pipe Line Co. v. Brymer, 124 S. W. 1010.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.