ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. BENJAMIN.

(Court of Civil Appeals of Texas. Dallas.
Nov. 29, 1913. Rehearing Denied
Dec. 13, 1913.)

1. DAMAGES (§ 105*)—ACTION—EVIDENCE.
    In an action for damages for the firing of plaintiff's household goods, plaintiff is competent to testify as to the value of the use of the goods to him, where the goods had no market value at the place of loss; such testimony not being as to what plaintiff could have sold them for, or what he would have taken for them.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 266–271; Dec. Dig. § 105.*]

2. RAILROADS (§ 481*) — IMPEACHMENT — REBUTTAL.
    In an action against a railroad company for burning plaintiff's goods, where its witnesses testified that the engines were equipped with the best spark arresters, plaintiff is entitled to show that the engines threw sparks and started fires.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by Ben Benjamin against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Head, Smith, Hare, Maxey & Head and Jot Horton, all of Sherman, for appellant. J. M. McMillin, of Whitewright, and Chas. Crenshaw, of Sherman, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for the burning of certain household goods, kitchen furniture, and wearing apparel, which were located in a house

near appellant's railroad track, and which were ignited by sparks of fire escaping from appellant's engines, which destroyed said goods. The general issue was pleaded by appellant. A trial resulted in a judgment in favor of appellee for $425, from which this appeal is taken.

1. The evidence in this case was sufficient to show liability of the appellant for the destruction of the goods sued for and supports the verdict of the jury.

[1] 2. Where it is shown that goods destroyed had no market value at the place destroyed, and the condition of the goods is fully shown, it is not error to permit the appellee and wife to testify to their opinion as to the value of the use of said articles to them. Railway Co. v. Nicholson, 61 Tex. 551; City of Dallas v. Allen, 40 S. W. 324; Railway Co. v. Dement, 115 S. W. 635; Railway Co. v. Green, 44 Tex. Civ. App. 13, 97 S. W. 531.

As said in the Nicholson Case, supra, "not a price suggested by his partiality to them, nor yet what he could sell them for, but the actual loss in money he would sustain by being deprived of such articles," so specially adapted to the use of himself and family.

[2] 3. The appellant's witnesses having testified that all of its engines were equipped with the best improved spark arresters, it was not error to allow appellee to show that about that time said engines threw sparks and caused other fires. Railway Co. v. Dawson, 109 S. W. 1110; Railway Co. v. Qualls, 124 S. W. 140; Railway Co. v. Wooldridge, 126 S. W. 603.

The judgment is affirmed.