TEXAS MIDLAND R. R. v. RAY.    (No. 7134.)

(Court of Civil Appeals of Texas.    Dallas. May 2, 1914.    On Rehearing, June 27, 1914.)

1. RAILROADS (§ 484*) — FIRES — ACTIONS — JURY QUESTION.

In an action against a railroad company for the firing of plaintiff's barn, evidence *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

2. RAILROADS (§ 484*)—FIRES—ACTIONS—EVIDENCE—JURY QUESTION.

In an action against a railroad company for the negligent firing of plaintiff's barn, where the petition alleged that all of defendant's engines were defective and proof to that effect was introduced, such evidence is sufficient to take to the jury the question whether the engine which caused the fire was defective.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

**3. Railroads (§ 484*)—Fires—Actions—Jury Question.**

In an action against a railroad company for negligently firing plaintiff's barn, where plaintiff introduced evidence that all of defendant's engines were defective and defendant introduced evidence that they were properly equipped, the question of defendant's negligence is for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

**4. Railroads (§ 481*) — Fires — Actions — Evidence.**

In an action for the firing of plaintiff's barn, where the petition alleged that it could not be determined which engine emitted the spark which caused the fire, but that all of defendant's engines were defective, evidence that all of defendant's engines were defective was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

**5. Evidence (§ 539½*)—Opinion Evidence —Expert Testimony.**

A witness, who had long experience as a railroad man serving in various capacities and who was familiar with defendant's locomotives, may testify as an expert whether defendant's locomotive was equipped with proper spark arresters.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2350–2352; Dec. Dig. § 539½.*]

**6. Exceptions, Bill of (§ 10*)—Qualifications.**

Where the qualifications of a witness as an expert were elicited before he was allowed to testify, it was not error for the court to qualify a bill of exceptions to the admission of his testimony by setting forth the facts upon which the ruling allowing the witness to testify was based.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 11; Dec. Dig. § 10.*]

**7. Railroads (§ 480*) — Fires — Actions — Burden of Proof.**

In an action for the firing of plaintiff's barn from a spark from defendant's engine, plaintiff has the burden of proof, and the refusal of a charge so stating is error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716, 1733; Dec. Dig. § 480.*]

**On Rehearing.**

**8. Evidence (§ 91*)—Burden of Proof.**

Generally the burden of proof lies upon the party asserting a fact essential to his right of action or defense and put in issue by the pleadings of his adversary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 113; Dec. Dig. § 91.*]

**9. Appeal and Error (§ 994*)—Weight of Evidence—Review.**

The jury are the exclusive judges of the credibility of the witnesses and of the weight of their testimony, and their conclusion is final.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

**10. Appeal and Error (§ 1067*)—Review—Harmless Error.**

In an action against a railroad company for the negligent firing of plaintiff's barn, where the issues were whether the fire originated from sparks from defendant's engines and whether the engines were equipped with the most approved spark arresters and carefully operated, and there was a sharp conflict of evidence on the last issue, the refusal of a requested charge that the burden was on plaintiff cannot be held harmless under Court Rule 62a (149 S. W. x),

prohibiting reversals for errors not affecting the merits, for it might still have influenced the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

Appeal from Kaufman County Court; J. A. Cooley, Judge.

Action by S. T. Ray against the Texas Midland Railroad. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Henry C. Coke, of Dallas, and C. M. Crumbaugh and Dashiell & Coon, of Terrell, for appellant. Ed R. Bumpass, of Terrell, for appellee.

RASBURY, J. Appellee sued appellant in the court below for $674.75, the value of certain farm produce and harness stored in a barn adjacent to appellant's railroad, and alleged to have been destroyed by fire set out by sparks from one of appellant's engines while passing the barn. The petition alleged that at or about 10 o'clock of the morning of the fire locomotives of appellant were operating trains at the point where the barn was situated from which sparks of fire escaped, and, while it was not known which locomotive emitted the sparks or cinders which set the fire, that any of them could have done so, and that the sparks so emitted were due to the fact that the locomotives of appellant were improperly and defectively constructed, old and worn out, and carelessly and negligently operated by those in charge of same, and that the cinders or sparks were further induced to escape by reason of the fact that the spark arresters, screens, and equipment on all appellant's engines were in bad condition and out of repair at the time the fire was set out. Following certain special exceptions, appellant met the allegations of the petition by the general denial and the special plea that the fire could only have been set out by engine 113 and engine 106, both of which were properly equipped with the best appliances for the prevention of the escape of sparks, and that its engines were carefully and skillfully operated at the time alleged by appellee. The fire occurred at a point about midway between Terrell and Kaufman, between the hours of 10 and 11 o'clock a. m. At the point indicated appellant maintains on the west side of its main track a switch in length about 1,800 feet. On the east side of the main track and opposite the north end of the switch and about 210 feet distant therefrom is the barn which contained appellee's property. On the day of the fire a strong wind was blowing from the west, and several of the witnesses testified that the wind carried sparks into appellee's garden, which was in the rear of the barn and further away from appellant's railroad. The property was destroyed by the fire and was

of the value placed thereon by the jury. A number of trains passed the switch in the forenoon of the day of the fire, one, a south-bound freight, passed about 7:45, another, a south-bound local passenger, about 8:15, another south-bound passenger about 10:16, and a north-bound passenger about 8:20. Appellant concedes' the passing of the trains above named as shown by the record kept by its train dispatcher, but proved by its witnesses that if other trains had passed its records would have shown it. By several witnesses appellee proved that in addition to the trains above enumerated another train, a freight, reached the switch ahead of the passenger which arrived at 10:16 (according to some of the witnesses about 10:30), and backed in on the switch from the south end to permit the passenger to pass. According to the witnesses this train did considerable switching and the barn was discovered on fire shortly after it departed. Any other facts necessary to refer to will be recited under the particular assignments calling therefor. There was a jury trial, to whom the court submitted the case upon special issues. Upon the answers of the jury to the special issues the court entered judgment for appellee for $674.75, from which judgment this appeal is taken.

[1] The first assignment reviews the court's refusal to direct a peremptory verdict for appellant on the ground that the evidence conclusively shows that the fire could not have been caused by appellant's engines. We think the assignment should be overruled, since the evidence is ample to sustain the finding of the jury that the fire was set by sparks from one of appellant's engines. The evidence is practically undisputed that quantities of sparks were deposited in appellee's garden in the rear of his barn on the day of the fire, and that the wind was blowing strong from the west, which would carry the sparks in the direction of the barn. The south-bound passenger passed the barn between 10 and 10:30 o'clock. The freight train was on the switch prior to the passing of the passenger and remained there, according to some of the witnesses, until after 10:30. Other trains passed between 7:45 and 8:25, and we could not say that sparks from those trains did not set the fire. But if we believed that the fire could not have originated from any of the trains conceded by appellant to have passed appellee's barn, we would not be at liberty to disturb the verdict on that ground, since appellee's witnesses all testified to the presence of the freight train which could have set the fire which would support the verdict, even though appellant's witnesses denied the passing of such train. Such testimony raised an issue of fact, which it was the duty of the jury to reconcile, not ours.

[2] Under the first assignment, it is also urged that the court should have directed verdict for appellant, because appellee failed to show that the particular engine which set the fire was defective as alleged. The petition alleged that appellee could not say which engine actually set the fire, but that all of appellant's engines were defective, old, out of repair, and worn out, and the only evidence adduced in reference to such issue was proof tending to show that appellant's entire equipment of engines was in the condition alleged. Such testimony was admissible for whatever value the jury might place upon it, under the allegations of the petition in the absence of any testimony showing that any specific engine threw the sparks, since proof that all of the engines were defective would include a portion thereof.

[3] Nor should said peremptory instruction have been given when appellant introduced evidence to the effect that all its engines which could have caused the fire were in good condition, properly equipped with the most approved spark arresters, and carefully operated. When a plaintiff offers testimony tending to show that a defendant railroad company's engines are not equipped with the most approved spark arresters, the defendant does not by offering testimony tending to show that the engines are equipped with the most approved spark arresters defeat a recovery if the jury adopts the testimony of plaintiff as true. Such proof on the part of the defendant railway company only rebuts the presumption of negligence raised by the plaintiff's testimony. Upon such rebuttal all the evidence is entitled to go to the jury; plaintiff being charged, as in all cases, with the burden of proof cast by law. Trinity & B. V. Ry. Co. v. Gregory, 142 S. W. 656.

[4] We think the testimony of the witness Trawick, complained of by appellant under its first assignment of error, to the effect that all of appellant's engines were old, out of repair, etc., was admissible under a similar general allegation, since such allegation and the evidence adduced thereunder would apply to whichever of the engines in fact set out the fire.

[5] Nor do we think, as urged by appellant under said assignment, that Trawick's evidence should have been excluded on the ground that he was not an expert. The trial court was warranted in permitting his testimony to go to the jury with reference to the condition of the engines, their state of repair, and the condition of the spark arresters. He testified to a long experience in the railway service, having served as section hand, hostler, machinist, fireman in the car department in the roundhouse, and all with appellant, and testified that he was familiar as well with the use and operation of spark arresters. Having thus qualified himself, his testimony was properly referred to the jury for their consideration as to its weight and credibility.

[6] Nor did the court err in qualifying the bill as contended by appellant. The trial

court had the right, and it was his duty, to cause the record to show the facts upon which his ruling was based. The record shows that the witness did testify to the facts which would admit him to testify as an expert and it was proper for the court to sustain his action by a recital of same.

[7] The fourteenth assignment of error complains of the refusal of the court to allow appellant's requested charge, which told the jury that the burden was on appellee to establish his case by a preponderance of the evidence. As we have said, the case was submitted upon special issues, and at no place in the general instruction in the main charge did the court charge the jury as to the burden of proof, and for that reason appellant's special charge should have been given. But we conclude that the assignment should be overruled under the rule promulgated by the Supreme Court directing that no judgment shall be reversed on appeal because of error of law committed by the trial court "unless the appellate court shall be of opinion that the error complained of amounted to such ı denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper ɾudgment in the case," etc. We reach such conclusion because we believe that such charge would not have produced a different result and did not cause the rendition of an improper judgment. It is undisputed by appellant's witnesses that the fire resulted from cinders from appellant's trains, except of course that it is argued that, appellant's records failing to show any record of the freight train which probably set the fire, no reliance may be placed upon the evidence of the witnesses testifying to that fact. It is also undisputed that the amount recovered represents the true value of the property destroyed. This leaves as a disputed issue only the question of the condition of appellant's equipment, and its operation at the time the fire was set. We have read all the testimony bearing on that issue and conclude that rule 62a (149 S. W. x) fairly applies. We do not wish to be understood as holding that the refusal of trial courts to instruct on the burden case by law on plaintiffs may be considered harmless error as a rule, but that in most cases it would be harmful error, and that the better rule is to charge on such issue when the burden is upon the plaintiff.

There are a number of other assignments which we have not considered. They either involve issues determined adversely to appellant by our conclusions under the first assignment of error, or refer to the refusal of the court to give certain charges, which limited the appellee's right to recover to a showing that the fire was set only by the engines shown by appellant's witnesses to have passed the point of fire on the day it was set out, and for these reasons same are overruled.

The judgment is affirmed.

## On Rehearing.

[8-10] Upon further consideration of this appeal we have concluded that we erred in holding that the refusal of the court below to instruct the jury that the burden was upon appellee to establish his case by a preponderance of the evidence was, under rule 62a, not reversible error. The general rule is that the burden of proof lies on the party asserting a fact essential to his right of action or defense and put in issue by the pleadings of the adverse party. As stated in our original opinion, the controlling issues upon trial were: Did the fire originate from cinders ejected from appellant's engines, and, if so, were the engines in good condition and equipped with the most approved spark arresters carefully operated? As to the first issue we yet think the refusal to instruct upon the burden of proof did not cause the rendition of an improper judgment, since there was in substance no testimony tending to contradict that offered by appellee showing the origin of the fire to be from sparks thrown from appellant's engines. A careful examination of the evidence on the other issues, however, develops a sharp conflict upon the issue of the condition of the engines of appellant, the character of the spark arresters, and the operation of the engines at the time the fire was set out; but in view of another trial we omit, for obvious reasons, comparative discussion of the evidence, contenting ourselves with the statement that there was a sharp and decided conflict.

We now conclude the charge should have been given for the reason that we believe that had the charge been allowed it might have produced a different result. The jury are the exclusive judges of the credibility of the witnesses and of the weight to be given to their testimony, and the courts have repeatedly held that their conclusions in that respect are final. Accordingly, upon a closely contested issue where the evidence is sharply conflicting, a charge upon the question of the burden of proof is often necessarily decisive of the issues and is so closely related to and so much a part of the function to be exercised by the jury that it is nearly impossible for judges of appellate courts, who do not hear the witnesses nor observe their manner of testifying, to fairly and intelligently approximate even what might have been the result had the charge been given. In illustration of the importance of such a charge it is said in Highland v. Houston, E. & W. T. Ry. Co., 65 S. W. 649, similar by analogy with the instant case:

"But on the issue of proper equipment, proper repair, or careful handling, the burden is still upon plaintiff, so that, if the proof upon these issues should be evenly balanced, the verdict should be for defendant"—citing Mex. Cen. Ry. Co. v. Lauricella, 87 Tex. 279, 28 S. W. 277, 47 Am. St. Rep. 103.

And as illustrating the fact that the application of rule 62a in such cases would in ef-

fect be invading the prerogative of the jury, and as showing the force of the rule and the contemplated influence the rule exercised in that case, we cite Clark v. Hills, 67 Tex. 141, 2 S. W. 356. The jury in returning verdict against plaintiff stated they did so in deference to the court's charge that the burden of proof was on plaintiff, since they were unable to agree upon any other basis, because of the sharp conflict in the evidence.

Believing our original order affirming the judgment was, for the reasons stated, erroneous, we now sustain that portion of the motion for rehearing that·complains ' of the refusal of the trial court to instruct on the burden of proof and reverse and remand the cause on that issue alone.

Reversed and remanded.