BAILEY, Respondent, v. WALKER, Appellant.

1. A promise, to support an action, must be founded on a sufficient consideration.

*Appeal from Phelps Circuit Court.*

It is deemed unnecessary to set forth the facts more fully than they appear in the opinion of the court.

*Parsons*, for appellant.

*Thomas & Jones*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The plaintiff claimed two hundred dozen of oats at twenty-five cents per dozen, amounting to fifty dollars. The evidence shows that he was only to have the oats on paying for the harvesting and stacking of them. If, then, he received the full value of the oats as claimed, he received more than he was entitled to, as he should have allowed the defendant what was due him for harvesting and stacking them. The record states that the sum agreed upon was one hundred and thirty-three and one-half dollars. This, we suppose, is a mistake, but it would have been better if the parties had amended the record, if there was a mistake in it.

All that the plaintiff was entitled to was damages for a breach of the defendant's undertaking, if there had been a valid and binding one. It does not appear that the plaintiff ever paid for the oats. If he had not, he certainly was not entitled to recover the value of them. It appears that the mother of the plaintiff had the greatest share of the oats, for they were all in one rick, and there is no evidence showing that she ever authorized her son, the defendant, to intermeddle with them in any way. The interest of her and her husband in the oats was undivided. The husband alone could not authorize the interference of a third person, for in this matter we are to look upon the husband and wife as two persons, as they were so regarded by all the parties to this transaction. The contract with the defendant about his pay for harvesting and stacking the oats was with the husband of his mother. From all we can see, the undertaking of the defendant was a voluntary one—there was no consideration for his undertaking to the plaintiff; and so the court seems to have regarded the matter, for the only instruction given for the plaintiff, and on which the case must have turned, is entirely silent as to any consideration being necessary to support the promise. If a man without any consideration promises to do a thing and fails to do it, he can not be sued for such failure; but if he does undertake it and by negligence does it in a manner to cause loss to him for whom he is acting, he will be bound to make good that loss. The other judges concurring, the judgment will be reversed.