## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. J. J. GOODNIGHT.

### Decided April 18, 1903.

**1.—Setting Fires—Railroads—Presumption—Negligence—Burden of Proof.**

Where property is shown to have been injured or destroyed by fire from the engine of a railway company, a presumption of negligence arises, and the burden is on the company to overthrow such presumption.

**2.—Same—Ordinary Care—Best Appliances.**

It is the duty of the railway company to seek the best appliances for preventing the escape of fire from its engines, and to use ordinary care to secure them and to keep them in proper repair, and a charge making it the absolute duty of the company to equip its engines with "the best approved appliances in use," was error.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*E. B. Perkins* and *Frost, Neblett & Blanding,* for appellant.

*Callicutt & Call,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Goodnight sued the railway company to recover damages sustained by him on account of a fire which destroyed his grass and fences and injured his land, it being alleged that the fire was caused by sparks negligently emitted from one of the company's engines. Trial by jury and judgment for the plaintiff.

The court instructed the jury as follows: "When fire is set out by sparks from an engine on a railroad, it is presumed that the fire is the result of negligence on the part of the railroad company, unless it is proved that the engine was provided with the best approved apparatus in use for preventing the escape of sparks from the engine, and that the engine was properly operated. If it be proved that the engine was so equipped and operated, such proof rebuts and removes the presumption of negligence. There are two propositions of fact involved in this case. First, was the fire that wrought injury to the plaintiff's property set out by sparks emitted from defendant's engine? Second, was said engine equipped with the best approved appliances in use for preventing the escape of sparks therefrom, and was said engine properly managed? If

the first is proved by the evidence and the second not proved, plaintiff must recover. If the first is not proved, or being proved, the second is also proved, the defendant must have the verdict. The burden of proof is upon plaintiff to establish by the preponderance of the evidence the first proposition, and if that has been done, then the burden is upon the defendant to so prove the second proposition. If you believe from the evidence that on August 26, 1901, while an engine of defendant was passing along its railroad, there escaped from said engine sparks that set out fire which consumed and injured plaintiff's grass and other property as alleged in his petition, and if you do not believe from the evidence that said engine was provided with the best approved appliances in use for the prevention of the escape of sparks therefrom and that said engine was properly operated, you will find for the plaintiff. If the evidence does not show that the fire was set by sparks from defendant's engine, you will find for the defendant. If you find from the evidence that the fire was set out by sparks from the engine, yet if you believe from the evidence that the engine was supplied with the best approved appliances in use for preventing the escape of sparks and was properly operated, you will find for defendant."

"We think the charge correctly expressed the law with reference to the burden of proof and the presumption of negligence. It is well settled in this State that where property is shown to have been injured or destroyed by fire from the engine of a railway company, a presumption of negligence arises, and the burden is on the company to overthrow such presumption. Railway v. Horne, 69 Texas, 643, and authorities there cited. It was necessary for the jury to be informed of the rule, and this could be done only through the medium of the charge.

We think, however, that the charge is subject to another criticism urged against it. The learned trial judge appears to have proceeded upon the theory that the railway company was under an absolute duty to equip its engine with "the best approved appliances in use for preventing the escape of fire therefrom," and to keep the same in proper repair. We do not concur in this view of the law. The duty is absolute only when made so by statute. We have no such statute in this State, and the rule at common law, which holds railway companies liable only for fires negligently set out, must be applied. We so held in Railway v. Miller, 66 S. W. Rep., 139, and see no reason for changing our opinion. The rule that railway companies are responsible only for fires caused by their negligence appears to have been uniformly applied by the courts of this State as a matter of course. The rule is stated by Shearman & Redfield in their work on Negligence, section 672, in this language: "A railroad company, authorized by its charter to use steam power, has necessarily the right to use fire as a means of generating steam, and is not liable for injuries by sparks, smoke or coals escaping from its locomotives, if it has adopted every known reasonable precaution against such accidents; though it will be held liable

32 Civil—17.

therefor, if such precautions are not adopted. The most that can be required of it, in the matter of providing its locomotives with suitable spark-arresters, and of keeping its right of way free from combustible materials, is the exercise of ordinary care, skill and diligence to that end. If, notwithstanding the exercise of such care, sparks escape from a locomotive and set fire to adjacent property, the damage is an incident of the operation of railroads, and must be borne by the owner of the property."

It follows that if the defendant in this case used ordinary care in selecting and keeping in good repair the proper appliances for preventing the escape of fire from the engine in question, a charge of negligence can not be based on the fact that its said engine was not equipped with better or more efficient appliances. There was evidence tending to show that the defendant had used such care, and it was entitled to have the issue squarely presented to the jury. The court refused a special charge requested by the defendant, which was at least sufficient to call attention to this phase of the case. So, even if the error in the main charge should be held to be merely one of omission, it could not be considered harmless. It was the duty of the company to seek the best appliances and to use ordinary care to secure such appliances and to keep the same in proper repair. If it did so, it is not chargeable with negligence on that account.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

Appellee's motion for rehearing is accompanied by an able argument in support of his contention that we erred in holding that appellant was not under an absolute duty to have its engine equipped with the most approved appliances in use for the prevention of the escape of fire, but was only bound to use ordinary care to that end. The very question was decided by our Supreme Court in Railway Co. v. Carter, 68 S. W. Rep., 168, where it is said: "The trial court committed error in the charge given, under the facts of this case, in failing to instruct the jury that it was the duty of the railway company to use ordinary care to provide its engines with the best approved devices for preventing the escape of sparks and fire therefrom. * * * The charge of the court presents the law applicable to a case in which the question is the character of the spark-arrester required by law, but, under the facts of this case, the charge given failed to submit an important issue,—the question of diligence in the selection of the apparatus. The testimony in this case tended to prove that each of two different kinds of spark-arresters was used by railroad companies, and each was considered by experienced railroad men as better than the other, which produced a condition in which it was necessary for the railroad company to make a choice be-

tween the two. Under this state of facts, it was the duty of the railroad company to exercise ordinary care (that is, such care as a man of ordinary prudence would exercise under like circumstances) to select and use the better of the two; but, having used such care as the law requires, it can not be held that a failure of judgment honestly exercised in an attempt to discharge the duty should render the company liable."

Further on in the opinion the court says: "In passing upon this question, courts have usually expressed the rule without the qualification, because the facts in the case do not demand it. The standard established is that the railroad company must select the best devices in use for the purpose of arresting sparks and for preventing the escape of fire from the locomotive, and it is said that a man of ordinary prudence will do so. * * * But this does not prescribe the form of charge to be given, which must conform to the facts of each case." The first quotation sustains the holding of this court, and the second explains the supposed conflict between our opinion and the cases cited by appellee. As stated in the original opinion, the facts of this case raise the issue as to whether or not the railway company exercised ordinary care to have its engine equipped with the proper appliances, and called for a charge directly submitting the issue to the jury. In the cases relied on by appellee, no such issue was being considered by the court.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.