FREEMAN v. J. B. WATERS & BRO.

(Court of Civil Appeals of Texas. March 29, 1911.)

1. RAILROADS (§ 454*)—OPERATION—FIRES—DEFECT IN CONSTRUCTION OF ENGINE.

It is not the absolute duty of a railroad to equip its engines with the best and most approved spark arresters, but it is only liable for damages from fire set by sparks from its locomotives when it has failed to use ordinary care to so equip them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1668–1671; Dec. Dig. § 454.*]

2. TRIAL (§ 250*)—INSTRUCTIONS.

Where the plaintiff alleges that the defendant failed to use ordinary care to keep its right of way free from combustible matter, and to equip its engines with the best appliances to prevent the escape of sparks, and there is evidence in support of both allegations, an instruction that if defendant's engine was equipped with the best spark arresters, and the defendant used ordinary care, but that sparks caught in combustible matter which was negligently allowed to accumulate on its right of way, and that it spread to plaintiff's property, is proper since that was one of the issues raised.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

3. TRIAL (§ 253*)—INSTRUCTIONS.

In an action for damages to property alleged to have been caused by sparks from defendant's engine, a requested instruction that defendant had only the legal duty of exercising reasonable care in the selection of the most approved appliances to prevent the escape of sparks from its locomotive, and that if it had exercised such care plaintiff could not recover, even though the alleged fire originated directly from the escaping sparks from the engine, was properly refused, since it would permit the jury to return a verdict solely on proof of defendant's exercise of reasonable care in selecting appliances, and without embracing defendant's liability for negligently allowing combustible matter to accumulate on its railroad property as alleged.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. RAILROADS (§ 454*) — FIRES — DEFECTS IN CONSTRUCTION OF ENGINE.

It is the duty of a railroad to guard against fires not merely by the exercise of ordinary care to select and use approved appliances, but to exercise ordinary care to use the best and most approved appliances in general use to prevent the escape of fire.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1668–1671; Dec. Dig. § 454.*]

5. RAILROADS (§ 459*)—OPERATION—FIRES—ACTIONS FOR INJURIES—DEFENSES.

It is no defense to an action for damage to wood alleged to have been destroyed by fire caused by sparks escaping from defendant's engines that the wood was not shipped within a reasonable time after being stacked along defendant's road for the purpose of shipment.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 459.*]

Appeal from Milam County Court; John Watson, Judge.

---

Action by J. B. Waters & Bro. against T. J. Freeman, receiver. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

S. R. Fisher, S. W. Fisher, and King & Morris, for appellant.

RICE, J. This suit was brought by appellees, as plaintiffs below, against T. J. Freeman, as receiver of the International & Great Northern Railroad Company, to recover damages for the loss of certain cordwood, alleged to have been destroyed by fire escaping from defendant's engines on August 19 and September 24, 1909, while said wood was stacked along the right of way of said railroad company for the purpose of shipment. The negligence alleged consisted in the failure of said railway company to equip its engines with the best and most approved appliances to prevent and minimize the escape of sparks, and on account of its failure to use ordinary care to keep its right of way free from combustible matter. In reply defendant interposed the general issue and a plea of contributory negligence. A jury trial resulted in a verdict and judgment for plaintiffs in the sum of $490, from which this appeal is prosecuted.

[1] We sustain the first assignment of error complaining of the action of the trial court in instructing the jury, in effect, that it was the absolute duty of appellant to equip its engines with the best and most approved spark arresters, because the law is that it is only required to use ordinary care to so equip them. See Neiser v. M., K. & T. Ry. Co., 118 S. W. 166, where an approved charge on this subject was given. See, also, M., K. & T. Ry. Co. v. Carter, 95 Tex. 461, 68 S. W. 159; St. Louis Southwestern Ry. Co. v. Goodnight, 32 Tex. Civ. App. 256, 74 S. W. 583; Houston & Texas Central R. R. Co. v. Laforge, 84 S. W. 1072. In the Carter Case, supra, it is said: "It is not the absolute duty of a railroad company to provide its locomotives with the best devices for arresting the escape of sparks, but to use such care as a man of ordinary prudence would exercise under like circumstances to select and use the best devices. It is neither liable for a failure of judgment, honestly exercised, in the attempt to discharge the duty, nor relieved by the fact that the appliances selected, though not the best, are approved and in common use."

In the Goodnight Case, supra, it is said: "A railroad company is not under an absolute duty to equip its engines with the best approved appliances in use for preventing the escape of fire therefrom, and is only liable in damages for fire set out by sparks from its locomotives where it has failed to seek the best appliances and use ordinary care to procure them and keep them in proper repair."

[2] The fifth paragraph of the court's charge, which is as follows, is complained of by appellant, to wit: "You are further charged that though you may believe that the defendant's said engines were equipped with the most approved spark arresters, and the defendant's said agents used ordinary care to prevent the escape of sparks, yet if you believe from the evidence that the fires caught from the defendant's engines and caught in combustible matter which was allowed to accumulate on the right of way, and you believe from the evidence that defendant in allowing such combustible matter to so accumulate was guilty of negligence, as herein defined, and that the fire was in this manner communicated to plaintiffs' wood, and that plaintiffs were damaged, it will be your duty to find for plaintiffs, unless you find against them under other portions of this charge as given you." It will be recalled that the plaintiffs charged that appellant was guilty of negligence, as well for allowing highly combustible matter to accumulate upon its right of way, as for the use of improperly equipped engines. This being true, and the evidence raising both issues, plaintiffs were entitled to a recovery if the proof sustained either issue; and for this reason this charge is not open to the objection made, and the assignment presenting the question is overruled.

[3] The following special instruction was requested by appellant: "You are instructed that defendant rested under the legal duty only of exercising reasonable care in the selection of the best and most approved appliances in general use to prevent the escape of fire or sparks from its locomotives; and if from the evidence you find that the defendant exercised such degree of care, and had in use approved spark arresters in general use on the dates of the alleged fires resulting in the alleged loss of plaintiffs' timber, if any loss there was, you will find for the defendant on this issue, even though you may find from the evidence that said fires, if any, originated directly and proximately from the escaping sparks or fires on the locomotives." This charge was properly refused, we think, because it allowed the jury to return a verdict upon the first issue presented, to wit, its exercise of reasonable care to select the best approved appliances, and failed to embrace therein or permit a recovery on the part of plaintiffs in the event the jury should believe defendant was guilty of negligence with reference to allowing combustible matter to accumulate upon its rights of way, and from which the fire was communicated to the wood.

[4] Special charge No. 7 was properly refused, because it was the duty of appellant, not merely to exercise ordinary care to select and use approved appliances, but to exercise ordinary care to use the best and most approved appliances in general use to prevent the escape of fire. Wherefore the assign-

ment presenting this question is overruled.

[5] We do not think the court erred in refusing to give appellant's special charge No. 1a, wherein it contends that, if the wood was not shipped out within a reasonable time after being placed upon the spur, the plaintiffs would not be allowed to recover. We know of no law requiring such a duty or imposing such a penalty.

The remaining assignments complain of matters which will not likely occur upon another trial, and a consideration of them is therefore unnecessary.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.