ST. LOUIS, B. & M. RY. CO. v. MADDOX.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912.)

1. TRIAL (§ 251*)—INSTRUCTIONS—ISSUE NOT MADE BY PLEADING.

Where plaintiff alleged that defendant negligently permitted tall grass on its right of way which was set on fire either by sparks or fire from the engine or by fire thrown from the train, a charge allowing a recovery for the burning of plaintiff's grass, from a fire originating in any way on the right of way, provided it was negligence to permit such growth of grass thereon, was error as submitting an issue not made by the pleadings and the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS—CURE BY INSTRUCTIONS GIVEN.

In an action for damages for the burning of grass on plaintiff's land, the refusal of a charge that if defendant was not negligent in permitting tall grass to grow on its right of way, and if the fire caught from a lighted cigar thrown from the window of defendant's passenger train, defendant was not liable was not injurious in view of a charge that, if defendant was not negligent in permitting tall grass to grow on its right of way, it was not liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. NEGLIGENCE (§ 56*)—"PROXIMATE CAUSE."

"Proximate cause" does not mean the last cause or the act nearest to the injury, but such acts wanting in ordinary care as actually aided in producing the injury as a direct and existing cause, such as might reasonably have been contemplated as probable under the existing circumstances; nor is it necessary that the particular event which occurred should have been contemplated, but it is enough that the probable happening of some accident of the kind involving damage to the property of others should have been contemplated and guarded against.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

4. RAILROADS (§ 464*) — FIRES — PROXIMATE CAUSE.

Where a railroad ran many trains a day in the summer time when the car windows were open, the fact that it permitted tall grass to grow on its right of way which might be set fire by a lighted cigar thrown from a train might be found to be a proximate cause of damage to plaintiff's grass from a fire started by a cigar thrown from the train upon the right of way, as such fire might be anticipated as a probable consequence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1687–1689; Dec. Dig. § 464.*]

5. RAILROADS (§ 484*)—FIRES—ACTION FOR DAMAGES—QUESTION FOR JURY—PROXIMATE CAUSE.

Where a railroad company negligently permits tall grass to grow upon its right of way, the question of its liability for damages from a fire started thereon by a lighted cigar thrown from a train is for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by S. S. Maddox against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Claude Pollard and C. M. Robards, both of Kingsville, for appellant. Ben W. Fly, of Victoria, for appellee.

MOURSUND, J. Appellee sued appellant to recover $2,479 damages alleged to have been sustained by appellee by reason of the burning of grass and hay on 140 acres of land and damages to a mowing machine in August, 1910. Plaintiff alleged that defendant negligently permitted the grass on its right of way adjoining plaintiff's premises to grow thick and tall and rank, and ran a locomotive by said premises which was so defectively and improperly built and constructed, and was so carelessly, negligently, and unskillfully managed by the servants and employés of defendant that fire escaped therefrom and set fire to the grass on the right of way, which spread out and consumed plaintiff's grass; that the servants, agents, and employés of defendant company, and passengers then and there riding in the cars of defendant company, and other persons on said train for whose acts defendant company was responsible, carelessly and negligently threw lighted matches and lighted cigars and cigarettes and fire from pipes into the grass on said right of way, and thereby the same caught on fire and the flames spread out and consumed plaintiff's grass; that defendant was negligent in using coal for fuel instead of fuel oil, and neglected keeping its engines and appliances in good repair, and neglected providing proper employés to handle its engines and trains at said time. It is unnecessary to state the allegations relating to the damages sustained by plaintiff by reason of the fire, as no questions arise on this appeal in regard to such portion of the pleadings. Defendant answered with demurrer, special exceptions, and general denial. The trial resulted in a verdict and judgment in favor of appellee for $1,000.

[1] The first assignment complains of the following portion of the court's charge: "If you believe from the evidence that the de-

---

fendant permitted grass to accumulate on its right of way where same adjoined the premises then in possession of plaintiff, and that said accumulation of grass, if any, was negligence on the part of defendant as the term 'negligence' is above defined, and if you further find that by reason thereof a fire was set out on defendant's right of way which spread and communicated to and destroyed and damaged plaintiff's property, then you will find for the plaintiff such damages as you may believe he sustained thereby."

The contention is made that the charge places too great a burden upon appellant. The fire occurred in August, 1910. Allen McGill, section foreman for appellant, was the only witness who testified to any facts touching the origin of the fire. He was at work with six men at a place about one-half or three-fourths of a mile away from where the fire started. A passenger train passed the place where he was at work, and shortly afterwards one of his men called attention to a little smoke in the direction the train had gone. The time intervening after the train passed them until they saw the smoke was stated by him, at one time, as about 15 minutes, at another as a few minutes. As there is no allegation in the pleadings charging negligence in failing to put out the fire, we omit all testimony relating to the efforts made to extinguish the same. McGill took his shovel and walked up to where the fire was and discovered that same was confined to the right of way. He testified that he walked up to where the fire originated and there saw a cigar stump that was on fire, but could not say whether it was the cause of the fire; that the grass was about 2 or 2½ feet high where the fire started on the right of way. He thought the grass on the right of way was thicker than it was on the outside of the right of way. The foreman of engines on appellant's road and one of its engineers testified that all engines used by appellant used oil altogether for fuel, and that no sparks could be thrown out by such a locomotive, and that there was no other way in which an oil-burning locomotive could set fire to grass on the right of way.

The allegations of the petition are that defendant negligently permitted grass on its right of way to grow thick, tall, and rank; that the same was set on fire either by sparks or fire from the engine or by a burning cigar stump or other fire thrown from the train. The charge allows a recovery, no matter how the fire originated, if it originated on the right of way, provided it was negligence to permit the accumulation of grass. Not a word is said in the charge about fire or sparks escaping from the engine, or about a burning cigar stump being thrown from the train. The only paragraph touching the matter of the origin of the fire besides that complained of is the following:

"If you find from the evidence that said fire was not occasioned by reason of the accumulation of grass on defendant's right of way, or if you believe that said fire was so occasioned, but that said accumulation of grass, if any, was not negligence on defendant's part, then your verdict will be for defendant." When the charge alone is considered, it leaves the impression that the case is one in which spontaneous combustion has been alleged to have taken place in the grass on the right of way. It provides that, if a fire is set out by reason of the accumulation of grass, plaintiff is entitled to recover. We have no statute making railroad companies liable for damages done by all fires originating on their right of way, and must apply the rules of law applicable to negligence cases in determining the liability of the company in this case. It is not contended that the accumulation of grass was the sole cause of the injury. In the nature of things it could only be a concurring cause, and, the manner in which the fire was set to the grass having been alleged, the charge of the court should have submitted only such issues as were made by the pleading and supported by evidence. "It was the duty of the court to charge the jury on the facts pleaded as a basis of recovery, and which the evidence tended to support." St. Louis Southwestern Ry. Co. v. Connally, 93 S. W. 208. We are not called upon to pass on the question whether the evidence required both of plaintiff's theories to be submitted. Suffice it to say that it was the duty of the lower court to submit such of plaintiff's theories as there was, in his opinion, evidence to sustain, and plaintiff was only entitled to a recovery upon proof of one of the theories alleged by him. Although there are numerous grass-burning cases reported in our reports, in which it was alleged that combustible grass and weeds were negligently permitted to grow on the right of way, we find no case in which the charge of the court did not also submit the issue whether the fire was set out by the engine; it being alleged in those cases that the fire originated from sparks or fire escaping from the engine. Plaintiff was not entitled to recover in this case unless the fire originated as alleged by him; that is, either from the engine or from a burning cigar stump thrown from defendant's passenger train. We sustain this assignment.

[2] The second assignment complains of the refusal of the court to give special charge No. 1 requested by appellant, which reads as follows: "You are instructed, gentlemen of the jury, that if you believe from the evidence in this case that the defendant was not guilty of negligence in allowing and permitting grass, weeds, and other combustible material to accumulate along its right of way in the vicinity where the fire occurred, and you further believe that the fire which is alleged to have destroyed plaintiff's

property caught from a lighted cigar stub thrown from the window of one of defendant's passenger trains by some passenger, agent, servant, or employé of the defendant, or some other person, then your verdict should be for the defendant; such defendant not being liable for a fire so communicated." The charge of the court was more liberal to appellant than this special charge. Under the charge of the court, if the jury found that appellant was not negligent in permitting the grass to accumulate on the right of way, a verdict must be returned for appellant. Under this special charge, the jury would have had to make the same finding and in addition that the fire was lighted by a cigar stump thrown from a window of the train, before a verdict for appellant would have been authorized. Under the circumtances, no injury could have resulted by the refusal of this charge.

The third assignment is as follows: "The court erred in failing and refusing to specially charge the jury on the question of defendant's liability for a fire occasioned by a cigar stub having been thrown from the window of one of its passenger trains by some passenger, agent, servant, or employé of defendant; this feature of the case having been called to the court's attention by defendant's special charge No. 1, which was duly requested." The contention is made that the special charge considered under the second assignment of error was sufficient to call the court's attention to the issue mentioned in this assignment, and to have required of the court a correct charge on the subject. Appellant contends that, as a matter of law, it would not be liable if the jury found that the fire was started by a cigar stub having been thrown from one of its trains. The same contention is made under the third assignment which complains of the overruling of its exception to that portion of plaintiff's petition setting up the throwing of cigar stumps, fire, etc., from the train. We will consider these assignments together.

[3] Our Supreme Court in the case of Gonzales v. Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17, said: "By proximate cause we do not mean the last cause, or nearest act to the injury, but such act wanting in ordinary care as actually aided in producing the injury as a direct and existing cause, such as might reasonably have been contemplated as involving the result under the attending circumstances." The rule so stated was approved by this court in the case of Shippers Co. v. Davidson, 35 Tex. Civ. App. 560, 80 S. W. 1032, to which we refer for collation of a number of cases illustrating the rule. See, also, Murray v. Railway, 101 Mo. 236, 13 S. W. 817, 20 Am. St. Rep. 601; Railway v. Mills, 53 Tex. Civ. App. 359, 116 S. W. 855; Cunningham v. Neal, 49 Tex. Civ. App. 613, 109 S. W. 460; Austin Electric Ry. Co. v. Faust, 133 S. W. 453; Rail-

way Co. v. Wilkins, 98 S. W. 205; Reynolds v. Railway, 101 Tex. 2, 102 S. W. 724, 130 Am. St. Rep. 799; Watson v. Bridge Co., 137 Ky. 619, 126 S. W. 151; Koelsch v. Philadelphia Co., 152 Pa. 355, 25 Atl. 522, 18 L. R. A. 759, 34 Am. St. Rep. 653. Nor is it necessary that the particular event which occurred should have been contemplated. It is enough if the probable happening of some accident of the kind should have been contemplated which involved damage to the property of others that ought to have been guarded against.

[4] A railroad company runs many trains along its right of way. In its passenger trains it transports many people. In the summer the windows, to a large extent, are raised. Many men indulge in smoking; in fact so many that cognizance of such habit is taken by railroad companies to the extent that provision is made for the smokers by setting apart certain portions of the trains for that purpose. During the month of August grass from 2 to 2½ feet high was permitted by appellant to remain on its right of way. Concede that a lighted cigar is thrown from the train, which, falling in the tall grass, starts a conflagration resulting in damage to adjoining property. True the existence of the grass alone would not have caused the damage, nor would the throwing the cigar out of the train have caused any damage had it not been for the existence of the grass. The two causes concur, and the question arises whether we can say, as a matter of law, that permitting the grass to remain on the right of way was such a remote cause of the damage as to preclude a recovery against appellant. In passing on such questions it becomes necessary to consider whether it could reasonably have been anticipated by appellant that permitting the grass to remain on the right of way might be the cause of a fire being started by means of cigar or cigarette stumps thrown from the train. It is the common experience of mankind that a fire can very easily be started in dry tall grass; that it is a substance which is very inflammable; and that a mere spark is sometimes sufficient to start it to burning. Again it is highly probable that passengers in a railway coach will toss out a burning cigar stump when, had they been on the ground, they would have carefully refrained from throwing such stump into dry and tall grass. It may be urged that such instances must seldom occur, otherwise there would be more cases of the kind; but it should be borne in mind that most grass-burning cases arise under such circumstances that it is impossible to tell their true origin, and the fire is inferred to come from the engine because it contained the only fire seen in the vicinity; and where combustible grass and weeds are permitted to accumulate on the right of way, if sparks escape at all from the engine, even though having the most approved spark

arresters and ordinary care was used, the railroad has been held liable. Freeman v. Waters & Bro., 136 S. W. 84. Liability under such circumstances is based upon negligence in permitting the accumulation of combustible matter upon the right of way. So, where a coal burning engine has passed, it is natural that the case will be based upon the theory that the fire was started from the engine. The testimony of one of appellant's witnesses in this case is to the effect that, even though they used oil-burning engines which he was positive could not set out fire, yet fires had been started on their right of way of which he did not know the origin, but that they must have started by reason of sectionmen burning off grass or from some one else setting it on fire.

Where a great many people are transported over a right of way daily, we think it might be anticipated, as a probable consequence of permitting combustible grass to remain on such right of way, in close proximity to the track, that a fire would be started by some one throwing a lighted cigar or cigarette stump from the train.

[5] Having reached such conclusion, we hold that we are not authorized to say, as a matter of law, that appellant would not be liable where fire is started by reason of a lighted cigar stump being thrown from a train into combustible grass growing on the right of way, where permitting such grass to be and remain there constitutes negligence. The question is one for the jury. If it finds that appellant is guilty of negligence in permitting such grass to be on its right of way, then it must determine whether the act concurring with such negligence to cause the damage was one which could reasonably have been contemplated by appellant to occur; if so, liability on the part of appellant would exist, not on the ground of such concurring cause, but on the ground of its negligence in permitting the grass to remain on its right of way.

The fifth assignment complains of the verdict as being excessive. In view of another trial we deem it improper to enter into a discussion of the sufficiency of the evidence in this respect.

The judgment is reversed, and the cause remanded.