CARTER v. ST. LOUIS SOUTHWESTERN
RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Austin.
March 18, 1914. Rehearing Denied
April 22, 1914.)

RAILROADS (§ 282*)—INJURIES TO LICENSEES.

A petition alleged that defendant railway company, negligently and in violation of an ordinance, permitted a fire to remain on its right of way; that plaintiff, an employé of a consignee, was unloading a freight car near the fire, and because of the heat was made sick and fell into the fire; and also that defendant was negligent in placing the car so near the fire and inviting plaintiff upon the premises to unload it. *Held*, that it stated a good cause of action.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by J. R. Carter against the St. Louis Southwestern Railway Company of Texas. From a judgment on demurrer for defendant, plaintiff appeals. Reversed and remanded.

J. E. Yeager, of Waco, for appellant. Scott & Ross, of Waco, for appellee.

RICE, J. The only question involved in this appeal is whether or not appellee's general demurrer to appellant's petition should have been sustained. This necessitates setting out, in substance, the allegations of said petition, which charged that plaintiff had been injured by reason of defendant's negligence in violating an ordinance of the city of Waco prohibiting any person from making or leaving any fire in any public place in said city without safeguarding the same against accidents, etc., alleging that defendant violated said ordinance on the 5th of July, 1912, by building and permitting a fire to remain on its premises near its depot in the city of Waco, at a place set apart for the public to load and unload cars; that on said occasion he, as an employé of the Herrick Hardware Company, a mercantile establishment, had been sent by it to unload a freight car left at said place by defendant; that he began to unload said car without noticing the fire that defendant had built and allowed to remain near its right of way at said point, which had burned into a dangerous bed of coals, so covered with ashes as to be unobservable, and which was not so safeguarded as to prevent an accident to any one who might be working at or near the same; that while so engaged in unloading said freight from said car to his wagon in the sun he suddenly felt the heat of said fire, which was near him, and for the first time he then saw said fire near him under said bed of coals, and he immediately began to feel sick, and got down off of the wagon and attempted to get away far enough to cool off; that he became faint and sick and unconscious, and fell into said fire and became injured; that said fire had been built of heavy wood, unknown to plaintiff, and allowed to remain there in a bed of coals on defendant's right of way and in violation of said ordinance, and was dangerous to any person so engaged in unloading defendant's trains; and plaintiff alleges that defendant's negligence in building, permitting to be built, and allowing said fire to remain so near said car was the proximate cause of his unconsciousness and injuries, and that he would not have become so injured but for defendant's negligence in building said fire and not safeguarding it against accidents; that the fact of plaintiff's becoming unconscious would not have caused said injuries, but for defendant's negligence; that, if the court should hold otherwise, then plaintiff shows that defendant's negligence was the proximate concurrent cause of said injuries; that plaintiff was seriously burned about the hands and body by reason of said fire, which produced painful and permanent wounds, leaving his hand disfigured and his fingers permanently stiffened, causing great suffering and pain. He further alleged that defendant was negligent in placing said car of freight so near such fire as above described, and then inviting plaintiff on said premises to unload said car, without calling his attention thereto, which he alleged was unknown to him, and that the building and maintaining of such fire, and the placing of the car so near to it, was the proximate cause of plaintiff's injuries, or was the proximate concurrent cause thereof, and, but for such negligence on the part of defendant, plaintiff would not have been injured, as aforesaid.

We think the petition states a good cause of action, and that the court erred in sustaining the demurrer. See St. Louis, B. & M. Ry. Co. v. Maddox, 152 S. W. 225; Lynch v. T. & P. Ry. Co., 133 S. W. 524; Pecos & N. T. Ry. Co. v. Maxwell, 156 S. W. 550; Strayer v. Quincy, O. & K. C. Ry. Co. (Mo. App.) 156 S. W. 735; M., K. & T. Ry. Co. of Tex. v. Thomas, 48 Tex. Civ. App. 646, 107 S. W. 868; Hamilton v. T. & P. Ry. Co., 64 Tex. 251, 53 Am. Rep. 756; T. & P. Ry. Co. v. Best, 66 Tex. 116, 18 S. W. 224; S. A. & A. P. Ry. Co. v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 260. Believing that the court erred as above indicated, the judgment herein is reversed, and the cause remanded.

Reversed and remanded.