## RICK FURNITURE CO. v. SMITH.
### (No. 7903.)

(Court of Civil Appeals of Texas. Dallas. Feb. 9, 1918. Rehearing Denied March 23, 1918.)

1. JUDGMENT ⬤⟳18(2)—ACTION FOR INJURIES —SUPPORT BY PETITION.

In an action against the seller of a porch swing for injuries to the buyer when a supporting hook gave way, where the buyer did not rest his case alone on the allegation that the seller had breached its warranty safely to hang the swing, but alleged independently that the seller, having agreed to hang and having hung the swing, was guilty of negligence in hanging it, and that such negligence proximately caused the injury, the petition supported judgment for the buyer, though the evidence showed the hanging of the swing was free of charge, and a gratuity by the seller.

2. NEGLIGENCE ⬤⟳2 — LIABILITY — GRATUITOUS SERVICE.

Where the seller of a porch swing undertook to hang the same for the buyer, and did so negligently so that a support gave way, and the buyer was injured, the seller was liable to the buyer, though the hanging of the swing was purely gratuitous, for, by undertaking to hang the swing, the seller bound itself to exercise ordinary care to make it reasonably safe for the use to which the buyer intended to put it.

3. TRIAL ⬤⟳234(7)—INSTRUCTIONS—BURDEN OF PROOF.

In an action for injuries, where the case was submitted on special issues, and the court instructed that the burden of proof was on plaintiff to make out his case by a preponderance of the evidence, that was sufficient, and it was not error to refuse defendant's special charge that the burden was on plaintiff to show want of contributory negligence.

4. APPEAL AND ERROR ⬤⟳1067 — HARMLESS ERROR—REFUSAL OF CHARGE.

If the special charge should have been given, the error, if any, in refusing it, was not calculated to cause the jury to render improper verdict.

5. CORPORATIONS ⬤⟳491—FURNITURE COMPANY—ULTRA VIRES.

The undertaking of a furniture company, which sold porch swings, to hang a swing sold a customer, was not beyond the scope of its charter powers and ultra vires, so that no liability could attach to the company for damages resulting to the customer from a negligent hanging.

6. EVIDENCE ⬤⟳178(7) — SECONDARY EVIDENCE—PREDICATE FOR ADMISSION.

In an action for personal injuries, where plaintiff proved that he had a permit or license from the state to act as insurance agent for a life insurance company, and that the license had been lost or destroyed, parol testimony of plaintiff and his wife that plaintiff had the license, etc., was admissible; proper predicate having been laid, and there being no degrees of secondary evidence.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by J. A. Smith against the Rick Furniture Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Muse & Muse, of Dallas, for appellant. Geo. Clifton Edwards, of Dallas, for appellee.

TALBOT, J. The appellee sued the appellant to recover damages for personal injuries received through the negligence of appellant. The appellant is a private corporation engaged in the sale of furniture and porch swings. In due course of business it sold to appellee such a swing, and hung the same on the porch of appellee's residence in his absence. The swing was rather heavy, about 4½ feet long, with arms and high back, and made to hang from a ceiling by chains and hooks. The porch where the swing was hung was ceiled, and the ceiling joists were 1x4 timbers. There is no proof that these timbers were defective. On the contrary, it appears that they were sound and suitable for the purpose intended, and were such as are often used in small cottages, such as appellee's was, and ample to support the swing. Shortly after the swing was hung, and while being used in the ordinary way by appellee it fell, resulting in the breaking of appellee's leg. The fall of the swing did not result from the breaking or giving way of the joist. It resulted from the pulling out of one of the supporting hooks that had been screwed through the ceiling of the porch and into the joists. This hook had not been put straight in the center of the joist and solid wood, but was put in by appellant's agent crooked, and too near the edge of the joist, and evidently by guess. The other hook, which was put in the same joist, went practically straight into the solid wood, and did not pull out, but remained firm.

Appellee alleged that he bought the swing in response to the offer of appellant to deliver and hang same safely at his residence for the purchase price, namely, $4.50; that said offer was made in express terms at appellant's place of business, and likewise in implied terms by appellant by advertisements widely circulated; that appellant expressly and also impliedly, by said advertisement and by said sale at its regular place of business, warranted to appellee that it would hang said swing safely at appellee's residence; that by and through its authorized agent, acting within the scope of his employment, appellant did hang the swing, alone selecting the place on the front porch of appellee's residence. The appellee in a separate count of his petition further alleged that appellant was guilty of negligence, in that it did not employ careful and competent employés to put up the swing, that its employés who put up the swing did not use that degree of care that ordinarily prudent, cautious, and competent persons would use under the same or similar circumstances in hanging the swing, but did hang said swing in a careless, negligent, and unsafe manner, and that said negligence directly and proximately caused and contributed to cause the fall of the swing and appellee's injuries; that said swing as so erected by appellant did not constitute a safe appliance

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such as appellee contracted for, but did constitute an unsafe and dangerous appliance that was a real and veritable trap for appellee, when he endeavored to use it in a proper and careful manner, which he was doing at the time it fell.

Appellant answered by general denial, and specially that it advertised the swings for sale, and advertised to hang them free of charge to the purchaser, but said advertisement formed no part of any contract of sale with purchasers of such swings, and that the free hooks and free hanging of swings for each purchaser when desired, as advertised, was but a gratuity or contribution to purchaser, and wholly without consideration, and that the hanging of the swing and furnishing of the hooks therefor was a gratuity by the appellant to the appellee in his said purchase of the swing; that the swing was hung by it with ordinary care on appellee's porch; that the rafters in the porch were concealed by the ceiling timbers, and that the rafters of the porch were defective and insufficient to sustain the swing, and which defects were concealed from it by the porch ceiling; that the appellee was charged with notice of all of such defects, and assumed all risks under the gratuity aforesaid. It denied liability, and alleged that the negligent use of the swing by the appellee contributed to the accident.

[1, 2] Twenty-one assignments of error are found in the brief, but many of them present in different form the same question. They will not, therefore, be taken up and discussed in detail. Appellant first complains of the court's action in refusing to give a special charge directing the jury to return a verdict in its favor. The proposition is:

That "the petition basing the right of recovery upon breach of warranty to safely hang the swing as a part of the consideration of the sale of the swing and the evidence showing the hanging of the swing to be free of charge and a gratuity by the appellant, the petition does not support the judgment; that the averment of the cause of action based upon breach of contract and warranty is not supported by a liability arising upon a gratuitous service."

The peremptory instruction requested was correctly refused. The appellee did not rest his case alone upon the allegation that appellant had breached its warranty to safely hang the swing. He alleged, independently of that claim, that appellant, having agreed to hang and having hung the swing, was guilty of negligence in hanging it; that such negligence proximately caused his injury, and for that reason he was entitled to recover. The case was submitted to the jury, upon ample testimony to authorize it, upon this issue of negligence; the claim based on the alleged warranty not being submitted in any form whatever. This had the effect to withdraw from the consideration of the jury any question of the appellant's liability by reason of the alleged warranty.

The jury found that the appellant failed to use ordinary care in hanging the swing, that the appellee did use ordinary care to ascertain whether or not the swing had been safely hung, that appellee's leg was broken as a result of the falling of the swing, that appellee was not guilty of contributory negligence, and that he suffered damages in the sum of $950. These were material issues raised by the pleadings and the evidence, and the jury's findings upon them clearly authorized the judgment rendered. This is true, even though it should be conceded that the hanging of the swing was a pure gratuity. Having undertaken to hang the swing, appellant thereby bound itself to exercise ordinary care to make it reasonably safe for the use to which appellee intended to put it. This view is supported by authorities cited by appellee. The rule is thus stated in 9 Cyc. 310:

"The promise of a gratuitous service, although not enforceable as a promise, involves liability to use ordinary care and skill in performance."

In Bailey v. Walker, 29 Mo. 407, the court, after announcing the well-established rule that a promise, to support an action, must be founded on a sufficient consideration, said:

"If a man without any consideration promises to do a thing, and fails to do it, he cannot be sued for such failure; but if he does undertake it, and by negligence does it in a manner to cause loss to him for whom he is acting, he will be bound to make good that loss."

Likewise the Supreme Court of New York in Thorne v. Deas, 4 Johns. (N. Y.) 84, held that an action will not lie for nonfeasance of a gratuitous act, but stated the principle we think applicable here thus:

"If the party who makes this engagement, enters upon the execution of" it "and does it amiss, through the want of due care, by which damage ensues to the other party, an action will lie for this misfeasance."

The witness Hal Howard testified that he had been vice president of the appellant, and that he had also acted as salesman; that he made the sale of the swing in question to appellee, and that he told appellee that the swing would be hung free; that they were hanging the swings at that time without any extra charge. He further said:

"We hung these swings free for the convenience of our customers; that was one of our ways of advertising, securing business. In making this sale we intended it to be just as that advertisement said, the swing to be hung free of cost; that was the inducement that the house used toward inviting or securing the volume of trade."

That he appreciated the duty imposed upon appellant by such an undertaking is plainly shown by this further statement:

"We meant that that swing should be hung with reasonable safety; that reasonable care should be exercised by our men hanging it, to hang it reasonably safe."

We do not wish to be understood as holding that the evidence fails to show that the undertaking of appellant to hang the swing was without any consideration to support

it. The judgment of the trial court, for the reasons stated, being supported, whether there was or was not any such consideration, it is useless to decide that question.

[3, 4] There was no material error in refusing to give appellant's special charge, to the effect that the burden of proof was on the appellee to show want of negligence on his part under special issue No. 2 in the main charge. The case, as hereinbefore stated, was submitted on special issues, and the court instructed the jury that:

"The burden of proof is on the plaintiff to make out his case by a preponderance of the evidence; this the law requires him to do, to entitle him to recover."

This was sufficient. If for any reason the special charge should have been given, the error, if any, in refusing it, was not at all calculated to cause the jury to render an improper verdict.

[5] The next contention is that the trial court erred in refusing to give the following special charge requested by appellant:

"You are instructed that the undertaking by the defendant corporation to hang the swing alleged was beyond the scope of its charter powers, and was an ultra vires act, and that no liability can legally attach to said corporation for any damages that may have resulted therefrom."

We think there is no merit in this contention. The appellant was engaged in selling furniture and swings, and the hanging of the swing in question was an act reasonably necessary and usually incident to the prosecution of its business. That appellant so regarded it is clearly manifested by the testimony of Mr. Howard, appellant's vice president, to the effect:

That a great many of appellant's customers were women; that their husbands would come home late, tired and that appellant hoped to put up these swings and relieve them of that extra trouble; that "we thought in doing so we would gain their appreciation, which would be evidenced later in buying goods there. The Rick Furniture Company wanted them to buy goods there. These advertisements were business transactions of ours."

As said by this court in Phœnix Land Co. v. Exall, 159 S. W. 486, the doctrine of ultra vires, "when invoked for or against a corporation, should not be allowed to prevail when it would defeat the ends of justice or work a legal wrong." The hanging of swings, as disclosed by the record, was regarded by appellant, and evidently was, a natural and profitable incident to its authorized business, and it cannot here avail itself of the plea of ultra vires.

[6] The admission of the evidence referred to in the eighteenth assignment of error furnishes no sufficient ground for a reversal of the case. The assignment, however, relates to different and unrelated matters, is multifarious, and really not entitled to consideration. Among other things complained of in the assignment is the admission of testimony of the appellee and his wife to the effect that at and before the accident the appellee had a permit or license from the state to act as insurance agent for the American Life Insurance Company, and that he had suffered pecuniary loss by reason of inability to work for a considerable period of time as a result of his injury; the objection to the testimony being that such fact was not provable by oral testimony, since the original license, or certified copy thereof, from the insurance commissioner, was the best evidence. The objection was not well taken in this case. As pointed out by counsel, the appellee proved, as a predicate for the admission of the parol evidence objected to, that appellee had such license from the state and that the same had been lost or destroyed. There are no degrees of secondary evidence, and under the showing made the parol evidence was admissible.

We have carefully examined all the assignments. We think none of them disclose reversible error, and the judgment of the district court is therefore affirmed.

Affirmed.