**WESTERN HILLS BOWLING CENTER, INC. and J. L. Cage, Jr., Plaintiffs-Appellants,**

v.

**HARTFORD FIRE INSURANCE COMPANY et al., Defendants-Appellees.**

No. 26408.

United States Court of Appeals
Fifth Circuit.

June 12, 1969.

Jack Banner, Banner & McIntosh, Wichita Falls, Tex., for appellants.

Ray Farabee, Fillmore, Robinson, Lambert & Farabee, Wichita Falls, Tex., for appellees.

Before THORNBERRY and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

THORNBERRY, Circuit Judge:

This is an appeal from a decision of the district court setting aside a jury verdict in favor of plaintiffs-appellants and entering a judgment n.o.v. in favor of defendants-appellees. The present action arises out of events following a fire that partially destroyed Western Hills Bowling Center in Wichita Falls, Texas on October 22, 1966 while the premises were insured by defendants.[1] A second fire, which totally destroyed the building and its contents, occurred on January 19, 1967 when the General Adjustment Bureau, at the direction of the defendants, was investigating the first loss and after all policies of insurance had been cancelled.

Appellants alleged that the defendant insurers, acting through their appointed agent, the General Adjustment Bureau, were responsible for the loss caused by the second fire. In answer to special interrogatories, the jury found that defendants were negligent in failing to move with diligence in completing their investigation within a reasonable time and that the negligent delay was the proximate cause of the second fire on January 19, 1967, entitling plaintiffs to an award of $33,000. The district court set aside these findings

---

1. Plaintiffs' claim predicated upon defendants' liability for damages resulting from the first fire, originally part of this action, was settled and is not in issue here.

and entered a judgment n.o.v. for defendants.[2] We have concluded that there was sufficient evidence to raise jury questions on negligence and proximate cause and therefore reverse.

J. L. Gage, the owner of Western Hills, testified that he notified the defendant insurers of his loss immediately after the first fire in October. The insurers appointed the General Adjustment Bureau as their agent to adjust this loss and specifically instructed Gage to follow the directions of the Bureau. When Gage requested permission to clean up and alter the damaged premises and to remove salvageable items, the Bureau instructed him that he was not to begin such operations until it had completed its investigation. Gage testified that in November, 1966, shortly after the first fire, vandals began to break into the bowling center, causing damage to the contents. Gage notified the Bureau of the frequent vandalism and the resulting damage in November and December, 1966. Nonetheless, the Bureau persisted in its instructions that Gage was not to begin clean-up or salvage operations until the investigation was complete and did nothing during December, 1966 or January, 1967 to complete its investigation.

In addition, a neighboring farmer testified that on January 19, 1967, just before the second fire occurred, a carload of teen-aged boys pulled up in front of the center. Some of the boys got out of the car "close to the bowling alley." Immediately after they left, "five or ten minutes" later, the farmer saw smoke coming out of the center, and shortly thereafter, the property was totally destroyed by fire. Although some of the testimony adduced in favor of the plaintiffs was disputed, the jury was free to credit it.

The defendant insurers argue that as a matter of law their failure to move with diligence in completing their investigation could afford no basis for a finding of negligence because they had no duty to investigate the premises after the first fire. They argue that they had a right under the contract of insurance to make an investigation, but no duty to do so, and hence cannot be held negligent for their lack of diligence. We think this argument is untenable. Assuming that the defendants had no duty to investigate, once they undertook an investigation, they were bound under the applicable Texas substantive law to exercise reasonable care and diligence in its execution and are liable for any loss or injury caused by their failure to do so. Fox v. Dallas Hotel Co., 1922, 111 Tex. 461, 240 S.W. 517, 521; Missouri-Kansas-Texas Ry. Co. of Texas v. Wood, 1902, 95 Tex. 223, 66 S.W. 449, 451, 56 L.R.A. 592; Rick Furniture Co. v. Smith, Tex.Civ.App.1918, 202 S.W. 99. The jury had before it evidence that defendants instructed Gage to follow the Bureau's instructions and that notwithstanding repeated efforts by Gage to obtain permission to clean up debris left from the first fire, to salvage valuable items, and to alter the premises to guard against vandalism, the Bureau refused to grant permission during the extended investigation lasting from October, 1966 until the building was totally destroyed in January, 1967. Having exercised their right under the contract of insur-

---

2. The district judge also entered findings of fact and conclusions of law. Inasmuch as the evidence on a motion for judgment n. o. v. must be viewed by the appellate court in the light most favorable to the non-movant, Boeing Co. v. Shipman, 5th Cir. 1969, 411 F.2d 365, the findings entered by the district court have no place in this Court's evaluation of the sufficiency of the evidence.

A motion for a directed verdict made at the close of all the evidence is a pre-requisite to the granting of a motion for judgment n. o. v. Rule 50(b), Federal Rules of Civil Procedure. The court below followed the salutary practice of denying the defendants' motions for directed verdict and reserving judgment on the sufficiency of the evidence until the jury returned a verdict. As a result, another time consuming and expensive trial is not required by reversal, inasmuch as this Court can render judgment on the verdict of the jury.

ance to undertake an investigation, the insurers cannot interpose the absence of a *prior duty* as a defense against a claimant injured as a result of their failure to exercise due care. *Accord,* Ivey v. Phillips Petroleum Co., S.D.Tex. 1941, 36 F.Supp. 811, 817; *see* Fox v. Dallas Hotel Co., *supra.*

■■ The real issue in this case is whether the negligent failure of the defendants' agent to complete the investigation within a reasonable time was the proximate cause of the second fire and appellants' resultant loss. "The concept of proximate cause as fashioned by Texas jurisprudence has two basic elements: cause in fact and foreseeability. *Cause in fact* requires evidence that the negligent act was a substantial factor in bringing about the injury and that but for the negligent act no harm would have been incurred." Leckbee v. Continental Airlines, Inc., 5th Cir. 1969, 410 F.2d 1191, pp. 1193, 1194.

■ Defendants argue that the delay in investigation could not have ignited the fire and therefore that the evidence does not establish cause in fact. This argument is wide of the mark, inasmuch as plaintiffs argue that the delay in investigating the loss from the first fire resulted in the property remaining in an exposed and dangerous condition, not that defendants actually ignited the second fire. Defendants further argue that the connection between the delay and the second fire is based on a stack of tenuous inferences and presumptions, *i. e.,* that it must be presumed that prompt investigation would have led to settlement, which in turn would have led to payment of the insured's claim, and finally, that the building would have been safely rebuilt, thereby averting the second fire. Plaintiffs' theory, however, is that *but for* the delay, they could have cleaned up the debris, removed salvageable materials, and altered the building so as to prevent further damage. Viewing all the evidence, both for and against this theory but in the light most favorable to plaintiffs, we are unable to say

that reasonable and fair-minded men in the exercise of impartial judgment could not conclude that the negligent delay in investigation was the *cause in fact* of the second fire. Boeing Co. v. Shipman, 5th Cir. 1969, 411 F.2d 365; *see also* Benoit v. Wilson, 1951, 150 Tex. 273, 239 S.W.2d 792.

■ With regard to the second element of proximate cause, *foreseeability*: We cannot agree that the possible occurrence of a second fire was such a remote consequence of the delay in investigation that it could not have been reasonably foreseen or anticipated. Under Texas law:

> To make a negligent act the proximate cause of an injury it is not essential that the particular injurious consequences and the precise manner of their infliction could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury, it is sufficient that if at the time of the original negligence the wrongdoer might by the exercise of ordinary care have foreseen that some similar injury might result from the negligence.

Atchison v. Texas & P. Ry. Co., 1945, 143 Tex. 466, 186 S.W.2d 228, 231–232; Motsenbocker v. Wyatt, Tex.Sup.Ct. 1963, 369 S.W.2d 319, 324; Sullivan v. Flores, Tex.Com.App.1939, 134 Tex. 55, 132 S.W.2d 110, 111; Leckbee v. Continental Airlines, Inc., *supra.* Given the exposed and damaged condition of the bowling center following the first fire, the jury could reasonably conclude that defendants should have foreseen the occurrence of some form of further damage as a result of an unduly prolonged investigation. Indeed, the threat of another fire seems well within the scope of the risk created by the defendants' negligent delay.

Nor can we agree that the intervention of teen-aged vandals as a possible cause of the second fire constitutes an unforeseeable new and independent cause that absolves the defendant of liability. There was evidence upon which

the jury could rely that defendants had been repeatedly placed on notice of the activity of vandals who had entered the premises after the first fire, causing further damage and adding to the existing debris. The possibility of further damage in one form or another from the conduct of vandals, therefore, was foreseeable and constituted a significant part of the risk involved in further delay by defendants. Consequently, the defendants should not be relieved of responsibility and their liability superseded by the intervention of the vandals. *Cf.* Wichita City Lines Inc. v. Puckett, 1956, 156 Tex. 456, 295 S.W.2d 894, 987; *see also* W. Prosser, Torts § 51.

The facts of this case are closely analogous to those involved in St. Louis, B & M Ry. Co. v. Maddox, Tex.Civ.App. 1912, 152 S.W. 225, where the defendant railroad was held liable for negligently allowing tall grass to grow along its right-of-way. The court reasoned that "it might be anticipated, as a probable consequence of permitting combustible grass to remain on such right-of-way, in close proximity to the track, that a fire would be started by some one throwing a lighted cigar or cigarette stump from the train." 152 S.W. at 228. The defendants distinguish *Maddox* on the ground that, unlike the railroad, which had control of its right-of-way, they did not have control of the bowling center, and therefore cannot be responsible for the conditions giving rise to the second fire. But inasmuch as the defendants instructed Gage to follow the directions of the Bureau, which in turn instructed him to leave things alone until the investigation was completed, they had effective control over the property.

We conclude, therefore, that there was sufficient evidence for the jury to find that defendants were negligent and that their negligence was the proximate cause of the damages incurred as a result of the second fire. Boeing Co. v. Shipman, *supra.*

Accordingly, the judgment of the district court is hereby reversed and judgment rendered for the plaintiffs.